STATE of Missouri, Respondent,

v.

Richard Wayne RAYFORD, Appellant.

No. 42304.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 13, 1981.

Richard C. Bresnahan, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of burglary in the second degree, and the jury assessed his punishment at five years imprisonment. The judge sentenced him to a five-year term in the Department of Corrections. Defendant appeals.

On March 5, 1979, St. Louis police officers acting on the statement of a person arrested in connection with a burglary on Plover Avenue went to defendant's home and arrested him. The police officers did not have a warrant for his arrest. Subsequent to the arrest, defendant made various oral statements and a written statement to two police officers and the victim of the burglary. On appeal, he does not challenge the sufficiency of the evidence.

Defendant's first point on appeal alleges that the trial court erred in overruling defendant's motion to suppress the written and oral statements he had made. Defendant argues that the court erred because these statements were the "direct result" of an illegal arrest of defendant in violation of the Fourth Amendment to the United States Constitution.[1]

■ Defendant did not preserve this point for review. In Missouri, the rule is well established that:

[w]hen a motion to suppress evidence is denied and the evidence subsequently offered at the trial, defendant must then object to the admission of the evidence with a proper statement of the reasons for the objection, present the matter in his motion for a new trial, and brief the issue on appeal in order to preserve it for appellate review.

State v. Howard, 564 S.W.2d 71, 74 (Mo.App.1978).

■ Defendant first objected to admission of his statements into evidence, be-cause of the alleged invalidity of his arrest, in his pretrial motion to suppress the statements. The trial court denied the motion to suppress. At trial, however, the victim of the burglary and two police officers testified in regard to the written and oral statements made by defendant at the police station, and one of the officers read the text of the defendant's written statement into the record. Defendant offered no objection to this testimony. Objection was made to the admission into evidence of defendant's handwritten statement, but this objection came only after a full disclosure of defendant's statements had already been received into evidence without objection. The grounds now raised were not asserted in this objection.[2] The defense's failure to properly object leaves nothing for us to review. State v. Hulsey, 557 S.W.2d 715 (Mo.App.1977); State v. Redd, 550 S.W.2d 604 (Mo.App.1977).

■ Defendant has not requested that we review this point under the "plain error rule," Rule 29.12(b), and we decline to do so sua sponte.

■ Defendant next contends that his motion for a continuance on the ground of the absence of a witness was erroneously denied by the trial court. At the end of the second day of trial, the defendant presented what appeared to be his last witness. He then presented a motion for judgment of acquittal "at the close of all the evidence," which the court overruled. The court recessed until the following morning, at which time the instruction conference was held. At the conclusion of the conference, the defense requested a continuance because of the failure of a witness to appear. The defense attorney admitted that the witness had not been subpoenaed by the defendant. The court denied the motion for a continuance.

---

1. Defendant argues that the arrest was illegal because it was made "during a nonconsensual warrantless entry [of the police] into appellant's house." In support of this argument, defendant relies upon Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In Payton, the Supreme Court held that under the fourth amendment, absent exigent circum-

stances, the police must obtain an arrest warrant before entering a suspect's home without consent for the purpose of arresting him. Id.

2. The objection offered by defendant's counsel was: "Judge, I don't think the statement of the defendant is admissible without some cooperation here and there is none."

We note that a motion for a continuance is addressed to the sound discretion of the trial court, and the court's action will not be disturbed on appeal unless it clearly appears the court abused its discretion. *State v. Collie*, 503 S.W.2d 445 (Mo.App.1973). We have examined the record and the defense's oral motion,[3] and find no abuse of discretion here. We cannot say that the court erred in denying defendant's motion.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

**3.** *Defendant's motion was as follows:*

Yes, Your Honor. The defendant would move that the case be continued to give him an opportunity to bring a witness, Darrell Hargrove, who was previously endorsed by the State but has not appeared. The defense first became aware that he would not appear on behalf of the State yesterday afternoon. We have made attempts to bring him in. He has not appeared this morning. This is an essential witness to the defense in that he is the only eye witness known to observe the crime and his previous statements to the police indicate that he did not identify the defendant as being at the scene.