**STATE of Missouri, Respondent,**

v.

**Willie Roy JONES, Appellant.**

No. 45528.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Sarah Pleban, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Willie Roy Jones (defendant) appeals from a judgment entered on his jury conviction of stealing a motor vehicle, § 570.030.-2(3)(a) RSMo. 1978, for which he was sentenced as a persistent offender to serve ten years with the Department of Corrections. Defendant assigns as error, first, the trial court's denial of his motion to quash the trial jury panel after the prosecutor used four of his seven peremptory challenges to eliminate all black people from the trial jury; and second, the trial court's denial of defendant's motion for a mistrial during closing argument when the prosecutor assertedly defined "reasonable doubt" for the jury. We conclude both motions were groundless, and the trial court properly refused them. Defendant's conviction and sentence is affirmed.

Defendant's point about the prosecution peremptorily challenging all black veniremen was answered in *Swain v. State of Alabama*, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965):

> The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes.

Defendant made no showing in the trial court or here of invidious discrimination that would overcome the presumption of prosecutorial rectitude; i.e., there is no evidence whatever the prosecutor "in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be;" *id.* at 223, 85 S.Ct. at 837, removes otherwise qualified black veniremen from trial jury panels by using peremptory challenges. *And see: State v. Garrett,* 627 S.W.2d 635, 642 (Mo. banc 1982), acknowledging Missouri follows the law as declared in *Swain v. State of Alabama.* The trial court properly denied defendant's motion to quash the trial jury panel.

Defendant predicates his remaining point about the prosecutor defining reasonable doubt on the following excerpt from closing arguments:

> [Prosecutor]: The State has the burden of proof with regard to the elements of the offense of proving those elements beyond a reasonable doubt, whether or

not Willie Jones had a short sleeved shirt on the date that he stole this car is not an element of the offense and not something that the State has to prove beyond a reasonable doubt. What the State does—

[Defense Counsel]: I object to that. The testimony was that he couldn't remember whether he was wearing a short sleeve shirt.

[Prosecutor]: Clearly, what I am saying with regard to extraneous facts, the State don't have to prove those beyond a reasonable doubt.

[Defense Counsel]: I ask for a mistrial. The State is attempting to define reasonable doubt.

THE COURT: Overruled.

The prosecutor was not attempting an impermissible definition of reasonable doubt. The prosecutor's statements were, at most, the kind of "discussion without a definition" we held permissible in *State v. Broomfield*, 637 S.W.2d 711, 714 (Mo.App.1981). Defendant's motion to declare a mistrial was properly denied.

Affirmed.

CRANDALL, P.J., and REINHARD, J., concur.