STATE of Missouri, Plaintiff-Respondent,

v.

Eddie Lee EVANS, Defendant-Appellant.

No. 46902.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 1983.

Robert J. Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant, Eddie Lee Evans, was convicted of burglary and rape in violation of §§ 569.160 and 566.030 RSMo 1978 and sentenced to life imprisonment for the rape and fifteen years for the burglary. In a previous trial, defendant was convicted of first degree murder [felony murder] arising out of the same criminal episode with burglary as the underlying felony. *State v. Evans*, 639 S.W.2d 792 (Mo. banc 1982).

Defendant does not challenge the sufficiency of the evidence and instead appeals alleging instructional error and a violation of his fifth amendment right against double jeopardy. There was substantial evidence, however, to establish that on the morning of August 23, 1979, defendant burglarized the home occupied by a Mrs. Gregory, her two children, and Joseph St. Pierre, killed St. Pierre and raped Mrs. Gregory at knife point.

In his first point, defendant contends the trial court erred in failing to give a separate instruction defining the phrase "serious physical injury." We note defendant did not raise this issue in his motion for new trial, thus failing to preserve his claim for appellate review. *State v. Moland*, 626 S.W.2d 368, 370 (Mo.1982). He now urges us to consider this issue under the plain error doctrine.

Instructional error rarely constitutes plain error unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice or a miscarriage of justice to the defendant-appellant. *State v. Murphy*, 592 S.W.2d 727, 733 (Mo. banc 1980) Rule 29.-12(b) V.A.M.R. Defendant is correct in that the notes on use accompanying MAI CR–2d 20.02.1 do provide if the phrase "serious physical injury" appears in any instruction, a separate instruction defining it must be given. The phrase serious physical

injury does not appear in the primary jury instruction, but is contained in the definition of "forcible compulsion." While the failure to define it may have been error, our review of the record reveals no manifest injustice occurred and we cannot say it constituted plain error. *State v. Robinson,* 650 S.W.2d 11 (Mo.App.1983). Point denied.

 In his second point, defendant claims his convictions for both felony murder and the underlying felony of burglary constitutes double jeopardy. We agree.

Respondent concedes that burglary was the underlying felony in defendant's prior conviction of the felony murder of St. Pierre. Respondent, relying on *Missouri v. Hunter,* 459 U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), also argues that the legislature intended to punish both the greater offense and its underlying felony. The court in *Hunter,* citing *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), found that if a legislature specifically authorized multiple punishments for the same conduct, a court or jury may impose cumulative punishment at a single trial. This is not the case here. First, defendant was convicted of the greater offense and the underlying felony in two separate trials. Secondly, according to *Hunter,* double punishment is presumed to be unintentional in the absence of a clear legislative intent to the contrary. The statute at issue in *Hunter* provided that punishment for armed criminal action should be imposed above and beyond the punishment for the crime committed while using the weapon. See § 559.225 RSMo 1978. The Missouri felony murder statute, however, contains no such language. In the present case, legislative silence can hardly be said to be evidence of any legislative intent or directive to impose double punishment.

Respondent's argument is also unpersuasive in light of the Missouri Supreme Court's decision in *State v. Morgan,* 592 S.W.2d 796 (Mo. banc 1980) vacated and remanded, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980) remanded with directions, 612 S.W.2d 1 (Mo. banc 1981) and *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1982) wherein the court held that prosecution for both felony murder and the underlying felony was a violation of defendant's constitutional right against double jeopardy. Moreover, the issue herein considered was addressed by the legislature in its enactment of § 556.041 RSMo 1978 placing a limitation on convictions for multiple offenses. This statute provides that a person may not be convicted of more than one offense if one offense is included in the other.

Therefore, inasmuch as the convictions and sentences for the greater offense of felony murder and the underlying felony of burglary violate the fifth amendment prohibition against double jeopardy, defendant's conviction and sentence for burglary is reversed. The rape conviction is unaffected by the views expressed in this opinion and is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.