**Thurman Boyd TURNER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13513.**

Missouri Court of Appeals, Southern District, Division One.

April 26, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied May 7, 1984.

Application to Transfer Denied June 19, 1984.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

On October 5, 1979, movant entered a plea of guilty to a previously filed felony charge of leaving the scene of a motor vehicle accident in violation of § 564.450, RSMo 1969. Per a plea bargaining agreement, which included dismissal of two misdemeanor counts, movant was sentenced to imprisonment for a term of two years,[1] said sentence to run consecutively to a previously imposed sentence of five years, after a plea of guilty, on a reduced charge of assault in the second degree. On October 22, 1981, movant filed in the Circuit Court of Stoddard County a pro se motion under Rule 27.26, V.A.M.R., which only concerned the sentence imposed after he pleaded guilty to leaving the scene of an accident. Inter alia, the sworn-to motion recites: "Your Honor; I am not asking for the sentence to be vacated, just set aside and correction of sentence, for sentences [for assault and leaving the accident scene] to run concurrently." After appointment of counsel for movant was made, the 27.26 motion was twice amended and the state's motion to dismiss or for summary judgment was overruled, the cause was tried on September 30, 1983, and taken under advisement. On October 21, 1983, the court filed its findings of facts and conclusions of law and entered judgment denying the motion. Movant appealed.

---

1. A person violating § 564.450, RSMo 1969, was deemed guilty of a felony under § 564.460, RSMo 1969, and could receive maximum imprisonment for a term not to exceed five years.

The two points relied on in movant's brief on appeal are penned in complete disregard of the mandatory requirements of Rule 84.04(d), V.A.M.R. On an appeal from denial of a Rule 27.26 motion the points relied on must conform to the specifications of the rule [*Overall v. State*, 540 S.W.2d 637, 638[1] (Mo.App.1976)] and this court has no duty to resort to the argument section of the brief to ascertain "wherein and why" movant is claiming the court erred. *Davis v. State*, 586 S.W.2d 822, 824[4] (Mo.App.1979). However, as movant was not afforded, per Rule 84.-08(a), V.A.M.R., a second chance to do correctly that which he should have done in the first instance, we briefly review what his points concern.

Movant's initial point, in effect, was that the lawyer who represented him in the criminal causes was ineffective to movant's prejudice because in early September 1979 when he pleaded guilty to second degree assault his counsel told him he "could get up to ten years for leaving the scene of an accident." The motion under consideration does not, except abstractly, concern the guilty plea to the assault. The motion here concerns only the plea of guilty to leaving the scene of an accident and ignores that on September 12, 1979, or almost a month before movant pleaded guilty to leaving the accident scene, he was correctly advised in writing by counsel that the maximum sentence for that offense was imprisonment for five years. See note 1, supra.

The second point relied on by movant is that the trial court in the Rule 27.26 hearing erred in admitting into evidence the circuit court docket sheets pertaining to the criminal charge against movant because the exhibits did not pertain to movant's claim that he had not been correctly advised concerning the range of punishment for leaving the scene of an accident. As a general rule courts may take judicial notice of their own records. *Bray v. Bray*, 629 S.W.2d 658, 660[6] (Mo.App. 1982); *Tudor v. Tudor*, 617 S.W.2d 610, 614[8] (Mo.App.1981). This also applies to taking notice of original records in supplementary proceedings that are ancillary to the criminal proceeding. *State v. Stid-*

*ham*, 403 S.W.2d 616, 618[5] (Mo.1966); *State v. Conner*, 500 S.W.2d 300, 304[9] (Mo.App.1973); 31 C.J.S.Evidence § 50(2), at pp. 1027–1028. If the court nisi was entitled to take judicial notice of its docket sheets in the criminal matter, it is difficult to perceive how accommodating a court in the 27.26 motion hearing by making them immediately available to the court via exhibits would be prejudicial to movant. "Moreover, rules of exclusion of evidence are less strictly enforced in a court tried case than in a jury tried case on the assumption that the trial court will not be misled by irrelevant or incompetent evidence." *State v. Isom*, 660 S.W.2d 739, 741[3] (Mo.App.1983).

Appellate review of denial of post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Franklin v. State*, 655 S.W.2d 561, 563[2] (Mo.App.1983); Rule 27.26(j), V.A.M.R. Being unable to so find and rule, the judgment is affirmed.

All concur.