**STATE of Missouri, Respondent,**

v.

**Ronnie Thomas KRAUSE, Appellant.**

**No. 47935.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 16, 1984.

Motion for Rehearing and Transfer
Denied Nov. 20, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Donald K. Gerard, Clayton, for appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for first degree burglary, felonious restraint, and armed criminal action. Defendant received sentences of 15 years for burglary, 7 years for felonious restraint, and 5 years for armed criminal action. The sentences were to be served consecutively. We affirm the conviction for felonious restraint, and reverse the convictions for burglary and armed criminal action, and remand for a new trial.

The victim responded to a knock on his door and was confronted by Stanley (Rebel) Lafave, who inquired as to whether Cheryl

Drake, victim's roommate and defendant's ex-wife, was home. Victim told Rebel she was at work, and Rebel asked victim to call her. As victim turned to go to the phone, two men, Michael Wilson and defendant, also came to the door. Victim testified the three men "just barged in" after he had asked Rebel to wait outside.

Once inside, the three men revealed they were armed with a pistol, a shotgun, and a tire billy. Victim, on the orders of the men, telephoned Drake who was ordered to come home within fifteen minutes or they would shoot victim's brains out. They accused victim and Drake of burglarizing defendant's home twice, and ransacked victim's apartment looking for items on a list defendant had. Several pieces of property were placed in a basket. Defendant also hit victim on the side of the head with the butt of the shotgun, resulting in lacerations requiring eleven or twelve stitches.

Drake called the police, who arrived and staked out the scene. Wilson exited first, leaving to buy a six-pack of beer. He was arrested. Rebel left through the back door, and was later arrested. A hostage negotiator then called the apartment, and arranged victim's release, and defendant's surrender.

Defendant was charged with *knowingly* entering victim's home when victim was present, for the purpose of stealing, under § 569.160.1(3), RSMo 1978. The verdict director on this count, MAI–CR2d 23.50, as modified, omitted the word *knowingly*. Defendant asserts this was error, and the state agrees, claiming only that the error was not prejudicial.

A verdict directing instruction "must contain each element of the offense charged," *State v. Rodgers*, 641 S.W.2d 83, 84–85 (Mo. banc 1982), and "must require the jury to find every fact necessary to constitute the essential elements of the offense charged." *State v. Pickins*, 660 S.W.2d 705, 707 (Mo.App.1983). Knowledge is an essential element of burglary, *State v. Chandler*, 635 S.W.2d 338, 339, 342 (Mo. banc 1982). An element of the offense was not contained in the verdict directing instruction. Since the jury could not find defendant guilty of armed criminal action without finding him guilty of burglary, the sentence and conviction for armed criminal action must also be reversed and remanded for a new trial.

Defendant has not attacked his conviction for felonious restraint; therefore, that sentence and conviction is affirmed. The sentences and convictions for burglary first degree and armed criminal action are reversed and remanded for a new trial.

REINHARD, C.J., and KAROHL, J., concur.