**Lee Edward NELSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13801.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied May 21, 1985.

Application to Transfer Denied June 25, 1985.

Calvin R. Holden, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Lee Edward Nelson, entered pleas of guilty to felony charges of rape, sodomy, and sexual abuse. He was sentenced to twelve years' imprisonment on the sodomy and rape charges, and to five years' imprisonment on the sexual abuse charge, with the three sentences to run concurrently.

Approximately fifteen months later, Nelson filed a motion to set aside his guilty

pleas and vacate his sentences. Nelson's motion, as later amended, alleged ineffective assistance of counsel, because 1) his counsel's lack of trial preparation forced him to waive his right to trial by jury, and 2) he entered the guilty pleas under duress because his lawyer had told him that he was faced with 120 years in prison, if he did not plead guilty to the charges.

After an evidentiary hearing, the motion court issued findings of fact, conclusions of law and a judgment denying Nelson the relief requested.

On appeal, Nelson raises the same two issues alleged in his post-conviction motion.

Our review of denial of post-conviction relief sought in a motion to vacate is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.-26(j); *Turner v. State,* 669 S.W.2d 642, 644[6] (Mo.App.1984).

Nelson alleges that his trial counsel 1) was ineffective because he failed to a) adequately prepare for the preliminary hearing and the guilty plea proceeding, b) sufficiently investigate the case, including interviewing potential witnesses, and c) request a presentence investigation, and 2) placed Nelson under duress by threatening him with a 120 year sentence, if he did not enter guilty pleas to the charges.

The record indicates that the guilty pleas in question and the resultant sentences were the consequence of a plea bargaining agreement entered into by Nelson, and that the guilty pleas were knowingly and voluntarily made after a painstaking interrogation of Nelson by the trial court. In its findings of fact and conclusions of law, the motion court observed, "There is no credible evidence even suggesting that McNabb [trial counsel] failed to confer with movant sufficiently or to investigate the charges and conduct reasonable discovery and inform movant of the risks of pleading not guilty.... Nothing McNabb ever represented to movant affected in any decree

[sic] the voluntariness of the pleas." The motion court found that the pleas were voluntarily made. These findings and conclusions are supported by substantial evidence, and are not clearly erroneous.

Nelson was effectively represented by competent counsel during every stage of the post-conviction proceedings, and did not enter the pleas of guilty as the result of coercion or duress. Both points relied on raised here are without merit.

The rape, sodomy, and sexual abuse, were perpetrated upon young children. Nelson's testimony at the post-conviction hearing is indicative of the real reason behind his motion to vacate and subsequent appeal where he said, "If I had known that the prison would be what it is, I wouldn't have made that deal, no ma'am, I would not." The appropriate time for him to have considered the rigors ·and odiousness of prison life was before, not after, raping, sodomizing, and sexually abusing children.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.