STATE of Missouri, Respondent,

v.

David Earl WALTON, Appellant.

No. 49171.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 21, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Henry Robertson, St. Louis, for appellant.

William L. Webster, Carrie Francke, Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for robbery in the first degree, tampering in the first degree, and armed criminal action, for which defendant was sentenced by the court, as a prior and persistent offender, to fifteen years' imprisonment on the robbery count, a concurrent sentence of ten years' imprisonment on the tampering count, and a consecutive term of five years' imprisonment for armed criminal action. We affirm.

As sufficiency of the evidence is not challenged, the facts may be stated briefly. On January 2, 1984, at approximately 1:45 p.m., the victim parked his car in the parking lot of a drug store at the intersection of Manchester and McCausland in the City of St. Louis. He exited and locked the car, and prepared to cross Manchester Road. As he did so, a black male, later identified as co-defendant Sidney Hamilton, came out of a bus shelter, took a gun out of a paper bag, and ordered victim to surrender his money and car keys. Another black male, later identified as defendant, then left the

shelter, took the keys, and started victim's car. Victim gave his money to Hamilton as ordered, but refused an order to enter the car and walked away. He observed defendant and Hamilton drive his car to the East on Manchester, then called the police.

He described the car and the two men to the police dispatcher, who apparently put out a bulletin on the police radio concerning the crime. Two police officers spotted a car matching the description given by defendant, being driven by two black males who also matched the description given by defendant, in the area of Kingshighway and Oakland. The car was stopped and the occupants were arrested. Victim was taken to the scene of the arrest, where he identified the two men as his assailants. A Swiss army knife usually kept in the glove department of victim's car, money and a gun were found on the occupants upon their arrest.

█ Defendant first challenges the composition of the jury panel, claiming two venirepersons should have been stricken for cause because of their relationships with police officers. Venireperson Scheetz was the daughter of a Lieutenant Colonel in the St. Louis City police force. Two of her brothers, one a detective and another an officer, were also on that force. Venireperson Moore was the wife of a sergeant on the St. Louis City Police force who was in charge of the Evidence Technician Unit. She had heard of one officer who testified at the trial, as a person who worked for her husband, and she had met another testifying officer through the Police Association. Both venirepersons were challenged for cause, but the challenges were overruled by the trial court.

A defendant is entitled to a fully qualified panel of potential jurors from which to exercise his peremptory challenges. But, a trial court is vested with considerable discretion in determining the qualifications of a potential juror, and a ruling on a challenge for cause will only be disturbed upon a showing of a clear abuse of discretion. *State v. Leipus,* 675 S.W.2d 896, 898[1–3] (Mo.App.1984). No such abuse is shown here.

A relationship with police officers is not sufficient, standing alone, to disqualify a juror. *State v. Hemphill,* 669 S.W.2d 633, 635 (Mo.App.1984). The answers given by the challenged venirepersons on voir dire leave little doubt as to their qualifications to be jurors. There was no initial equivocation on the matter of whether they would consider testimony by police officers as superior to or more trustworthy than evidence or testimony by non-police officers. *Compare, e.g. State v. Miller,* 655 S.W.2d 797, 798–99 (Mo.App.1983). Both venirepersons denied contact with their relatives concerning police work. Moore stated she and her husband agreed he would not tell her about his work unless there was something amusing Scheetz testified she did not get a lot of "war stories" from her brothers (who did not live at home) or her father.

More importantly, there was no indication either venireperson would believe a police officer's testimony simply because he was an officer. Scheetz stated she could be fair to both sides in the case, and nothing in the record suggests the contrary. Moore indicated she would automatically believe her husband, but not other officers; she succinctly stated "I'm married to a policeman, but I'm not married to the police department." No abuse of the trial court's discretion appears in this matter.

█ Defendant also asserts the trial court erred in overruling defendant's motion to declare a mistrial and empanel a new jury due to the prosecution's use of its peremptory challenges to remove the black members of the venire panel, claiming this violated his rights under the Sixth Amendment to a jury selected from a fair cross-section of the community. He argues for the adoption of the approach contained in such cases as *Commonwealth v. Soares,* 387 N.E.2d 499 (Mass.1979) and *People v. Wheeler,* 22 Cal.3d 258, 583 P.2d 748, 148 Cal.Rptr. 890 (1978). Missouri rejects this approach, *State v. Sims,* 639 S.W.2d 105, 108–09 (Mo.App.1982), and requires the claimant to show systematic exclusion by a prosecutor, in case after case, of blacks as

trial jurors by use of peremptory challenges. *State v. Hurley,* 680 S.W.2d 209, 212 (Mo.App.1984); *see Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Defendant did not attempt to make the requisite showing, and therefore the court did not err in denying the motion. *State v. Jones,* 655 S.W.2d 708, 709 (Mo. App.1983).

■ Defendant finally asserts error in the verdict-directing instruction on the offense of tampering in the first degree. It is alleged the instruction improperly submitted to offense because it omitted the term "knowingly." Recognizing that this point was not preserved for review, defendant requests consideration of the point as plain error under Rule 29.12(b).

Defendant was charged with tampering in the first degree in violation of § 569.080 RSMo (Cum.Supp.1984), which was passed in 1982. It provides in pertinent part, "A person commits the crime of tampering in the first degree if: ... (2) He knowingly ... unlawfully operates an automobile, ... without the consent of the owner thereof." The state utilized as the verdict directing instruction a modification of MAI–CR2d 23.22.2. This instruction, submitting tampering in the second degree under former § 569.090.1(2), RSMo 1978, did not contain the element of knowledge. A new pattern instruction, containing the element of knowledge, became effective January 1, 1985, after the trial in this case. MAI–CR2d 23.21. Failure to give this instruction is not claimed as error on appeal.

It is apparent defendant's knowledge is an element of the crime of tampering in the first degree. Section 569.080 (2) RSMo (Cum.Supp.1984). It is also apparent this element was not submitted to the jury in the verdict director, and therefore error was committed. *State v. Krause,* 682 S.W.2d 55, 56 (Mo.App.1984).

■ An instructional error is seldom a plain error. *State v. Evans,* 660 S.W.2d 433, 434–35 (Mo.App.1983). Defendant must go beyond a demonstration of mere prejudice and establish such a misdirection of the jury as would cause manifest injustice or a miscarriage of justice. *State v.*

*Davis,* 675 S.W.2d 652, 657 (Mo.App.1984). No such misdirection occurred in this case.

There was no real issue concerning defendant's knowledge of the lack of consent of the owner to operate the automobile. It was not claimed victim's car was not taken at gun point; rather, victim's identification of defendant as one of the perpetrators of the crime was the issue raised at trial. There is no hint in the record the perpetrators were laboring under the misapprehension they had permission to operate victim's car. We find no manifest injustice or miscarriage of justice arising from the error of failing to submit to the jury an element of the crime which was not in dispute. *State v. Purk,* 625 S.W.2d 888, 890[2] (Mo.App.1981); *State v. Miller,* 604 S.W.2d 702, 707–08[7–9] (Mo.App.1980); *State v. Barber,* 587 S.W.2d 325, 330[14] (Mo.App.1979). Therefore, while omission of the element of knowledge was error, it did not result in a manifest injustice or miscarriage of justice so as to warrant relief for plain error under Rule 29.12 (b).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.