**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ardell FIELD, Defendant-Appellant.**

**No. 50159.**

Missouri Court of Appeals, Eastern District, Division Six.

March 18, 1986.

Motion for Rehearing and/or Transfer Denied May 6, 1986.

Application to Transfer Denied June 17, 1986.

Henry B. Robertson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Ardell Field guilty of four felonies: stealing a car, first degree assault, armed criminal action and resisting arrest. The trial court sentenced defendant as a prior felon to twenty years in prison.

Defendant's only discernible point on appeal, which is far from a model of clarity, is that the trial court erred by allowing into evidence defendant's incriminating statements because such statements were involuntary and induced by his own "serious" physical injuries. Defendant's statements were antagonistic, profane, racist and abusive. Worse for defendant, they were volunteered admissions of guilt. Since no objection was made at trial upon admission of this evidence, and as it is not raised in the motion for new trial, nothing is preserved for our review. Gratuitously searching the record for "plain errors affecting substantial rights," Rule 30.20, we find nothing that would warrant a result different from that reached below.

Defendant does not challenge the sufficiency of the evidence by which he was convicted. Robert Miller and Ethel Bain testified that they stopped in front of a liquor store; Miller went inside and Bain sat in the car with the engine running. Defendant entered the car, put a gun to the woman's temple and drove off with her. He stopped a short distance away and demanded all her money, as well as the fried chicken and beer in the car. Defendant then allowed Ms. Bain to leave and she walked back to the scene of the car theft. From there her companion, Miller, called the police.

A police chase ensued through the streets of St. Louis, and the chase continued on foot after defendant crashed the stolen vehicle. During a struggle with Sergeant Hawkins of the St. Louis Police Department defendant "grabbed and pulled" at the officer's gun, forcing it to discharge. Hawkins suffered a bullet wound to the left leg.

Another officer, one Adkins, wrestled defendant to the ground and handcuffed him. While walking him to the police cruiser, Officer Adkins advised defendant of his Miranda rights.[1] Later, when defendant was taken from the police vehicle to be searched, he admitted having a gun but told the police, "you pigs will never find it." He added various obscenities to this declaration. At the police station, after again being advised of his rights, defendant shared his feelings with Detective Cummings and Podolak: "I'm glad the cop's shot. I wish he was f_____ dead. You cops ain't nothing but punks."

As stated, the first time defendant raised the issue of his own "serious injuries" negativing a free will was in his brief before this court. Thus, we can only consider admission of the statements under the plain error doctrine. *State v. Rayford*, 611 S.W.2d 377, 378 (Mo.App.1981). There was no evidence at trial of any impaired mental state on the part of the defendant. Moreover, the trial court specifically found that there was no basis for defendant's claim of "police brutalization." In short, there was no error at trial, plain or otherwise.

Affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

---

**1.** At the time of his arrest defendant wore only one shoe. The other was found in the stolen vehicle.