STATE of Missouri,
Plaintiff–Respondent,

v.

Charles B. GILLESPIE,
Defendant–Appellant.

Charles GILLESPIE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56020, 56697 and 57097.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1990.

Application to Transfer Denied
July 31, 1990.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated appeal from defendant's conviction of stealing and from the denial of his 29.15 motion. Charles Gillespie was convicted of stealing over $150 and was sentenced as a prior and persistent offender to five years imprisonment. This appeal follows. We affirm.

The evidence adduced at trial, viewed in the light most favorable to the verdict, was as follows: Linda Vandever was the Loss Prevention Manager at the Venture Store at 1225 South Kirkwood in St. Louis County, Missouri. On December 27, 1987 at about 10:45 a.m. Ms. Vandever observed defendant and another man enter the store. The two men proceeded back to the camera and sound department. A few minutes later Ms. Vandever received a call from a fellow employee, Alexis Wren, who was observing defendant and the other man in the camera and sound department. Wren asked Vandever to come to the camera and sound department. They observed the two men put a color TV, a telephone answering machine and an AM/FM cassette recorder into the cart.

Defendant and his cohort proceeded to the front of the store with the electronic merchandise in the shopping cart. The two

men made no attempt to pay for the merchandise before they exited the store. Vandever and Wren proceeded outside and exhibited their identification to the two men as they were loading the merchandise into the trunk of a car. The two men threw the rest of the merchandise into the trunk. Defendant then entered the car and drove away while his companion fled on foot.

On December 31, 1987, Lieutenant Jerome O'Keefe spoke with defendant. After some conversation O'Keefe advised defendant of his *Miranda* rights. Defendant then waived his rights and gave the following statement:

> On Sunday 12–27–87 I took Marcia Lury to work in her 81 Olds 4 dor (sic) then I picked Andtony (sic) up at 4400 W. Bell then we went to Kirkwood Venture and then to the sound dept. we put a TV and telephone in a cart then went by check out line without paying for it and then stop at bakery dept and then out the dor (sic). Went to car while Andtony (sic) was putting things in trunk I was inside the car and then I herd (sic) him call my name and he ran at that time I seen 3 people to went at him and one try to stop me put (sic) I pull off head to highway. I then took the TV and telephone to Andtony (sic) house.
>
> Charles Gillespie
> 12–31–87
> 11:03 A.M.

Defendant raises three points on appeal. His first point concerns the denial of his 29.15 motion. The other two points concern his direct appeal.

■ In his first point, defendant alleges that his trial counsel was ineffective for allegedly failing to adequately investigate a potential alibi witness named Richard Williams.

The record shows that this claim only appears in defendant's unverified amended Rule 29.15 motion. We have held the verification requirement of Rule 29.15 to be a jurisdictional requirement. *Mills v. State*, 769 S.W.2d 469 (Mo.App.1989). The failure to verify a motion or amendment thereto makes that pleading a nullity. *Quinn v. State*, 776 S.W.2d 916 (Mo.App.1989).

Consequently, our review is limited to those grounds found in defendant's *pro se* motion. However, an examination of defendant's *pro se* motion reveals that defendant did not raise this claim. While it is true that defendant asserted a general allegation that counsel did not attempt to locate, notify and/or subpoena witnesses, defendant failed to specifically identify any witness. Therefore, the claim was not properly before the motion court.

In light of the foregoing, defendant's claim is denied and the ruling of the motion court denying defendant's Rule 29.15 motion is affirmed in all respects.

■ Defendant's next two points concern his direct appeal. Defendant claims that the trial court erred by admitting into evidence Alexis Wren's in court identification of defendant because it was tainted by an allegedly impermissibly suggestive out-of-court photographic identification procedure. Also, defendant alleges in his second claim of error that the trial court committed reversible error in denying defendant's motion to suppress statements arising from his confession which allegedly was involuntary because it was the result of police promises and violence towards defendant.

At trial, defendant failed to properly object to the out-of-court identification evidence when the identification was introduced. In regard to the second claim, the defendant failed to object at trial when the confession and the statements were introduced. The defendant's failure to properly object at trial preserves nothing for us to review. *State v. Rayford*, 611 S.W.2d 377 (Mo.App.1981).

Defendant has not requested that we review these points under the "plain error rule," Rule 30.20, and we decline to do so *sua sponte*. *State v. Rayford* at 378.

Judgment of defendant's conviction and judgment of the denial of defendant's 29.15 motion affirmed.

CRANDALL and KAROHL, JJ., concur.