STATE of Missouri, Respondent,

v.

**Lavillian ROOT, Appellant.**

No. 17262.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 2, 1991.

Motion For Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1991.

Application to Transfer Denied Jan. 28, 1992.

Walter K. Disney, El Dorado Springs, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Defendant Lavillian Root was convicted by a jury of abuse of a child in violation of

§ 568.060, RSMo 1986,[1] and was sentenced to a term of two years imprisonment. She appeals, presenting five claims of error, none of which challenge the sufficiency of the evidence. We affirm.

In stating the facts, we view the evidence in the light most favorable to the verdict. *State v. Hegwood*, 558 S.W.2d 378, 379 (Mo.App.1977). The evidence at trial shows the following: Defendant was the paramour of Dennis Edmiston, the natural father of Denise Edmiston, born April 24, 1987, and Delilah Edmiston, born January 7, 1985. The two children were born of the marriage of Dennis and Sarah Edmiston. The marriage ended in divorce on April 19, 1989. Dennis had custody of the minor children, and Sarah had substantial visitation rights.

On April 18, 1990, defendant picked up Denise and Delilah from a day care center. When Dennis returned to his home that evening, defendant immediately told him that she had whipped Denise for wetting her pants. Defendant was upset and asked Dennis to take her home which he did. Later that evening Dennis noticed that Denise had red lines on her bottom as well as light red coloring in that area. The next day Dennis went to defendant's home and talked with her about the problem. Defendant said she did not mean to hit Denise so hard. She admitted hitting Denise with a board designed for meat cutting.

On April 19, 1990, the two young girls were picked up at the day care center by Sarah Edmiston, their natural mother, and her boyfriend. At 9:00 p.m. that evening Sarah gave Denise a bath. She noticed that her buttocks were bruised from top to bottom. Sarah and her boyfriend immediately took Denise to the police station and then to the hospital. During that evening Denise told her mother that defendant spanked her "real hard" with a paddle.

A physical examination at the hospital by Dr. Rick D. Casey revealed two large hematoma areas on each buttocks approximately seven and a half by ten centimeters. The bruises on each buttock were symmetrical and identical in nature. The doctor testified the bruises were between four hours and four days old.

At the hospital Denise told Nora Powell–Joyce, a social worker with the Division of Family Services, that defendant whipped her. This witness was called to the stand by defendant in her case. Her testimony on the child's statement received no objection.

On April 23, 1990, the police interviewed defendant and she waived her constitutional rights. Defendant was read the Miranda warning from a waiver form, and she acknowledged her understanding by her signature on the Miranda waiver form. Afterwards, she stated that she sent Denise to bed while she made supper and later called both girls to eat. She then noticed that Denise had wet her pants. She became mad and spanked her with a board. She stated she did not intend to spank her that hard, but just lost her temper.

Defendant's first point claims the trial court erred in allowing Sarah Edmiston and a social worker to testify concerning the out-of-court statements of Denise that defendant "whipped" or "spanked" her when Denise did not take the witness stand. Defendant alleges she was denied her right to confront and cross-examine the child in violation of the sixth amendment of the United States Constitution and Article 1, § 18(a), Missouri Constitution.

In her argument defendant tells us the trial court allowed the extrajudicial statement of Denise in evidence under § 491.-075.[2] The state concedes the trial court

1. Statutory references are to RSMo 1986 unless otherwise indicated.

2. 491.075 reads, in relevant part:
 1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
 (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
 (2) The child either:
 (a) Testifies at the proceedings; or

erroneously failed to follow the requirements of the statute because the requisite hearing was not held and Denise did not testify. We need not discuss cases cited by defendant in her support because of the state's concession.

The state contends the error was harmless because the statement of Denise—defendant "spanked her real hard with a paddle"—added nothing to defendant's confession and admissions. Defendant admitted to the father she hit Denise with a board and admitted the same act to the police at a later date. Although not mentioned by the state, we find an unexpected statement in defendant's brief under a heading "Statement of Case" [3] which boldly states:

The state made a submissible case to the jury when the Court allowed Officer Lambrecht to testify that defendant stated to him, while incarcerated, but subsequent to a Miranda Warning, that she had 'spanked the child by twice striking her upon the buttocks with a paddle'.

The transcript reveals defendant objected on the basis of hearsay to testimony of Sarah Edmiston on statements to her by Denise. No constitutional objection was made by defendant. The testimony by the social worker on similar statements by Denise brought no objection by defendant.

■ Defendant has failed to preserve the constitutional issue in this point for review because she did not object to the testimony of Sarah Edmiston on any constitutional grounds. To properly preserve the constitutional issue for appeal " 'a party must (1) raise the constitutional issue at the first available opportunity, (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself, (3) state the facts showing the violation; and (4) preserve the constitutional

question throughout for appellate review.' " *State v. Hillis*, 748 S.W.2d 694, 697 (Mo.App.1988). We decline to review the constitutional issue for plain error for reasons which follow concerning defendant's hearsay contention.

■ We review this claim of error only on the basis of defendant's hearsay objection which was preserved for appellate review. Defendant's admissions to the father were before the jury. Her confession to the police was consistent with the challenged testimony which added nothing more for consideration by the jury. We further depend on defendant's statement in her brief that the state made a submissible case on the testimony of Officer Lambrecht concerning defendant's confession. With these facts, we view the error as harmless and not prejudicial to defendant.

■ The admission of hearsay which does not have an unequivocal effect on the jury or resulting miscarriage of justice is not prejudicial error. *Billings v. State*, 503 S.W.2d 57, 60 (Mo.App.1973). Because of the strong evidence of guilt independent of the challenged testimony, hearsay may be regarded as merely cumulative to the other evidence fully proving the issue. *State v. Montgomery*, 571 S.W.2d 784, 788 (Mo. App.1978). See *State v. Mills*, 521 S.W.2d 495, 497 (Mo.App.1975). Accordingly, we rule against defendant on Point I.

■ Defendant's next point reads:

The States [sic] failure to comply with the Discovery Rules [CR 25], and the Division of Family Services [sic] intentional non-disclosure of: (1) a possible witness, Darrell Richardson; (2) its involvement of child custody in the divorce proceedings between Sarah Edmiston and Dennis Edmiston; (3) [t]he failure to produce to defendant the deposition and

(b) Is unavailable as a witness.

2. Notwithstanding subsection 1 of this section or any provision of law or rule of evidence requiring corroboration of statements, admissions or confessions of the defendant, and notwithstanding any prohibition of hearsay evidence, a statement by a child when under the age of twelve who is alleged to be a victim of an offense under chapter

565, 566 or 568, RSMo, is sufficient corroboration of a statement, admission or confession regardless of whether or not the child is available to testify regarding the offense.

3. Rule 30.06(a), Missouri Rules of Court (1991), sets forth four requirements for appellant's brief. A statement of the case is not required.

other transcripts of states [sic] witnesses contained in the juvenile case JU 390–9 relating to the mistreatment of the subject child; and, failure to produce the prior criminal conviction of the defendant in a timely manner, all culminated in the withholding of material evidence which reasonably or might have caused a judgment of acquittal for the defendant, was prejudicial to defendant and prevented her from timely preparing and submitting her case.

■ As written, this point completely disregards the mandatory requirements of Rule 30.06(d), Missouri Rules of Court (1991).[4] This rule requires a point relied on to set forth "wherein and why" the trial court erred. An explanation for this requirement is found in the leading case of *Thummel v. King*, 570 S.W.2d 679, 684–87 (Mo.1978). A point relied on, after identifying the alleged erroneous ruling of the trial court, must specify why the ruling was erroneous. *Id.* This requirement contemplates a statement which ordinarily will closely approximate what the appellant believes should have been the trial court's conclusion of law on the point being addressed. *Id.* After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which the appellant contends. *Id.*[5] "... [T]his court has no duty to resort to the argument section of the brief to ascertain 'wherein and why' movant is claiming the court erred." *Turner v. State*, 669 S.W.2d 642, 644 (Mo. App.1984). As a result, this point presents nothing for review. *Tate v. State*, 773 S.W.2d 190, 192 (Mo.App.1989).

We do not feel compelled to review this point for plain error pursuant to Rule 30.-20. The main thrust of this point is failure of the Division of Family Services to make disclosure. We fail to comprehend any circumstances in this case, after reviewing the record, which created a duty on the Division of Family Services to do anything. Point II is denied.

■ Defendant's third point claims her confession was improperly admitted because "it violated her 5th Amendment Right of being a witness against herself...." She complains of the circumstances and surroundings when her confession was made and that the Miranda warning was obtained under false pretenses, not voluntarily nor knowingly given. Defendant does not preserve this point for review.

Defendant's motion to suppress her statement to the police officer was denied. At trial, the officer testified in regard to the complete oral admission of defendant at the police station without objection. Defendant next raised the issue in her new trial motion and here. The rule is well established that:

When a motion to suppress evidence is denied and the evidence subsequently offered at the trial, defendant must then object to the admission of the evidence with a proper statement of the reasons for the objection, present the matter in his motion for new trial, and brief the issue on appeal in order to preserve it for appellate review.

*State v. Howard*, 564 S.W.2d 71, 74 (Mo. App.1978). See *State v. Rayford*, 611 S.W.2d 377, 378 (Mo.App.1981); *State v. Gillespie*, 792 S.W.2d 35, 36 (Mo.App.1990). Defendant's failure to properly object at trial preserves nothing for us to review.

■ Defendant has not requested that we review this point under the "plain error rule," Rule 30.20. We decline to do so *sua sponte*. *State v. Rayford*, 611 S.W.2d at 378. Further, we are not inclined to review for plain error when defendant admits to us the state made a submissible case on defendant's confession and then contends the confession was inadmissible.

Defendant's fourth point alleges (1) the information failed to set forth facts alleging an offense under § 568.060 because it did not describe what "injury" occurred to the child and omits that defendant knew her conduct was inflicting cruel and inhu-

---

**4.** Rule references are to Missouri Rules of Court (1991).

**5.** *Thummel v. King* discusses Rule 84.04(d) which is the same as 30.06(d).

man punishment, (2) the state's modified verdict director MAI–CR 3d 322.12 omitted the requirement that defendant knew her conduct was inflicting cruel and unusual punishment, and (3) the court failed to instruct on a lesser includable offense of assault.

We initially observe that defendant has violated Rule 30.06(d) by failure to tell us "wherein and why" the trial court erred. *Turner v. State*, 669 S.W.2d at 644. Rule 30.20 provides that allegations of error not properly briefed shall not be considered by the appellate court except errors respecting the sufficiency of the information, verdict, judgment, or sentence. Because defendant apparently attacks the sufficiency of the information, we will address that issue.

■ The amended information alleges in pertinent part:

... that the defendant, in violation of Section 568.060, RSMo, committed the class C Felony of abuse of a child, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on or about April 18, 1990, in the County of Cedar, State of Missouri, the defendant knowingly inflicted cruel and inhuman punishment upon Denise M. Edmiston, a child less than seventeen years old, by striking said child with a wooden board.

The amended information exactly follows MACH–CR 22.12 (1987 Revision). Where the information is "substantially consistent" with the applicable MACH–CR form, it "shall be deemed to comply with the requirements of Rule 23.01(b) and Rule 23.-01(e)." [6] *State v. Bailey*, 760 S.W.2d 122, 124 (Mo.1988); *State v. Applewhite*, 771 S.W.2d 865, 869 (Mo.App.1989). The amended information is not defective.

■ Defendant correctly alleges the verdict director improperly deviated from the pattern instruction MAI–CR 3d 322.12. Instruction No. 5 omitted the fourth paragraph of the pattern instruction which reads: "Fourth, that defendant knew his

[her] conduct was inflicting cruel and inhuman punishment upon a child less than seventeen years old."

Instruction No. 5, as given, reads:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on April 18, 1990, in the County of Cedar, State of Missouri, the defendant knowingly struck Denise Edmiston with a board causing injury, and

Second, that in so doing, defendant inflicted cruel and inhuman punishment upon Denise M. Edmiston, and

Third, that Denise M. Edmiston was then less than seventeen years old,

then you will find the defendant guilty of abuse of a child.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of abuse of a child, you will return a verdict finding her guilty of abuse of a child.

Once again, defendant has proceeded with total disregard for correctly preserving this point for our review. Defendant requested omission of the instruction conference from the record. The duty falls on her to file the transcript with us and to ensure the inclusion of all proceedings necessary for a determination of the question presented by the appellant. *State v. Sanner*, 655 S.W.2d 868, 878 (Mo.App.1983).

Rule 28.03 allows a party to object specifically or generally on the record to instructions given by the other party. Because the instruction conference is omitted from the record, we are unaware of defendant's objections to Instruction No. 5, if any. Specific objections to given instructions are required in motions for a new trial unless made on the record at the time of trial. Rule 28.03. Defendant fails to specifically object to Instruction No. 5 in her new trial motion. Her vague objection

**6.** Rule 23.01 governs the form of indictments or informations, and subsection (e) provides that: "All indictments or informations which are substantially consistent with the forms of indict- ments or informations which have been approved by this Court shall be deemed to comply with the requirements of Rule 23.01(b)."

that "[t]he states [sic] verdict directing instruction (instruction no. 5) prejudicially deviated from the Missouri Supreme Court approved instructions MAI CR 3rd 322.12" fails to preserve anything for appellate review. Defendant's failure results from lack of objection at trial to Instruction No. 5 or in her motion for a new trial on the ground now advanced in this point. As a result, any relief to defendant on appeal must be on the basis of plain error review. *State v. Dunagan*, 772 S.W.2d 844, 858 (Mo.App.1989).

"An instructional error is seldom plain error. [citation omitted] Defendant must go beyond a demonstration of mere prejudice and establish such a misdirection of the jury as would cause manifest injustice or a miscarriage of justice." [citation omitted] *State v. Walton*, 703 S.W.2d 540, 542 (Mo.App.1985). We find no misdirection of the jury here.

The omitted fourth paragraph of Instruction No. 5 requires the jury to find defendant knew her conduct was inflicting cruel and inhuman punishment upon Denise. A review of the record, including counsel's closing argument, reveals defendant did not dispute her knowledge that she was inflicting cruel and inhuman punishment if the evidence showed she inflicted injuries on Denise. We find no manifest injustice or miscarriage of justice from the error of failing to submit to the jury an element of the crime not disputed by defendant. *State v. Walton, supra*, at 542.

■ The final clause of Point IV only recites "the Court failed to instruct on a lesser includable offense of assault, thereby requiring a judgment of acquittal." The infirmities of this point are readily apparent. We have previously discussed the effect of a party's failure to advise us of "wherein and why" the ruling of the trial court is erroneous. *Thummel v. King, supra*. Additionally, defendant's new trial motion does not raise this issue. *State v. Shive*, 622 S.W.2d 769, 772 (Mo.App.1981). Her brief does not discuss or cite authorities on this issue. Rule 30.-06(d). We refuse to consider it. Rule 30.-20. Point IV is denied.

■ Defendant's final point recites:

The Prosecutor committed reversible error during his closing argument for stating that his witness and victim, Denise Edmiston, could not testify; and, secondly, he personally plead [sic] to the jury that he is 'their ... elected official'; and, thirdly, he argued that the jury determines guilt on the basis of a desired punishment.

Regarding closing argument, paragraph 8 of defendant's motion for new trial reads: "The State 'personalized' its closing argument to the jury." The motion makes no other reference to the closing argument issue.

For the final time we observe defendant's point relied on fails to advise us "wherein and why" the ruling of the trial court was erroneous. *Thummel v. King*, supra. Further, the point advanced to us is not contained in the generalized allegation in defendant's motion for new trial. Varying and shifting grounds of objections at trial, assignments of error in the motion for new trial, and assignments of error on appeal present nothing for review. *State v. Vaughn*, 759 S.W.2d 98, 102 (Mo.App. 1988).

We carefully looked for defendant's objections to the prosecutor's closing arguments on the three issues contained in this point. None existed. We will not review defendant's claims with respect to closing argument because defendant waived her claim by failing to properly preserve any error. *State v. McMillin*, 783 S.W.2d 82, 97–98 (Mo.1990). " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' " *Id.* at 98.

Appropriate today in this case are the words of Judge Henry Lamm spoken long ago: "The rules of appellate practice ... fill no office of mere red tape or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in

getting at the right of a cause. Hence, apparently they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men *viz.*, those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion...." *Sullivan v. Holbrook*, 211 Mo. 99, 104, 109 S.W. 668, 670 (Mo.1908).

Judgment affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.