Argued and submitted January 31, reversed and remanded March 11, reconsideration denied July 15, petition for review allowed August 25, 1992
(314 Or 175)

STATE OF OREGON,
*Respondent,*

*v.*

CHRISTOPHER BLAINE BOOTS,
*Appellant.*

(10-86-07965; CA A67325)

826 P2d 1049

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for aggravated murder. In *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), the Supreme Court reversed and remanded his conviction for the same crime. It held that, because the state had proceeded on two separate theories on which the jury could find defendant guilty of aggravated murder, rather than murder, the trial court erred by instructing the jury that it could convict of the greater offense without agreeing unanimously on at least one of the particular theories of enhancement. Because there was no independent error that affected the jury's necessary finding that defendant had committed the included offense of murder, the Supreme Court directed that, on remand,

> "the state may choose whether to reduce the defendant's conviction and sentence to murder under ORS 163.115 or to retry the charge of aggravated murder." 308 Or at 381.

*See also State v. Brown*, 310 Or 347, 373-74, 800 P2d 259 (1990).[1]

On remand, the state moved, and was allowed, to retry only the distinct aggravated murder issues, rather than also retrying all of the elements of murder. That procedure resulted in defendant's conviction. He contends on appeal that, under the Supreme Court's remand, the state had to choose either a reduced charge of murder or a plenary retrial of the aggravated murder charge, including proof of the murder elements. The state agrees that it and the trial court were required to follow the Supreme Court's instructions on remand, but it does not agree with defendant's understanding of those instructions. It argues:

> "The case at bar does not present the issue of a trial court's duty to obey the terms of an appellate court's remand. The reason is that the Supreme Court's remand 'to retry the charge of aggravated murder' says nothing about the *manner* in which that retrial is to take place. There are at

---

[1] In *Brown*, the court gave similar instructions in remanding an aggravated murder conviction. It added that, if the new jury did not find the defendant guilty of aggravated murder, "then the trial court would resentence him accordingly at that time." 310 Or at 374. However, the resentence to which the court referred was not for the murder included in the aggravated murder charge. The defendant had been convicted of three other felonies, and the Supreme Court affirmed those convictions in the same opinion.

least two ways to comply with the Supreme Court's remand: 'Retry the aggravated murder charge' by retrying only the aggravating-element issue, or 'retry the aggravated murder charge' by retrying all the elements of aggravated murder. The remand does not mandate one approach or the other.'' (Emphasis the state's.)

We disagree. The option that the state was given was "to retry the charge of aggravated murder," not to retry only part of it. Moreover, if the court had intended to allow the state to retry the aggravating elements alone, we think that it would have expressly limited its remand to those elements; it would not have engaged in a pointless charade of giving the *state* a *choice* to prove some but not all of the elements of the crime, when a limited remand would have had that effect without the need for a choice by the state. Stated differently, the court did not limit its remand, and we do not construe the "choice" that it gave the state as an authorization to limit the remand *de facto* in a way that the court did not do *de jure*.

The state relies, *inter alia*, on *State v. Wagner*, 309 Or 5, 786 P2d 93, *cert den* ____ US ____ (1990), and *State v. Green*, 271 Or 153, 531 P2d 245 (1975). In *Wagner*, the court remanded only for further proceedings on whether the defendant would be sentenced to death, but affirmed his conviction for aggravated murder. In *Green*, the defendant had conceded the commission of two homicides, and the Supreme Court limited the issues to be retried on the remand of his convictions:

"The new trial, however, will be limited to the question whether at the time of killing the two girls, defendant acted under an 'extreme mental or emotional disturbance,' so as to be guilty of manslaughter, rather than of murder." 271 Or at 176.

The apparent point of the state's reliance on those cases is that the Supreme Court *may* tailor its decisions so that less than all of the issues in a criminal case need to be relitigated on remand. However, *Wagner* and *Green* do not aid the state's position about what the court meant by the remand here. Rather, they demonstrate that the court has no difficulty in defining and articulating limited remands when that is what it intends. Even if the court could have limited the retrial, as in *Wagner* and *Green*, it did not. We reverse and

remand for proceedings that are consistent with the Supreme Court's decision.

Our disposition makes it unnecessary to address defendant's other assignments or arguments. We do not comment on whether a proceeding in which less than all of the elements of aggravated murder could be tried would offend any constitutional protections.

Reversed and remanded for proceedings not inconsistent with *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), and this decision.