STATE of Missouri, Respondent,

v.

Tony T. **BROKUS**, Appellant.

No. 61582.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 3, 1993.

Marcie W. Bower, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Defendant was convicted by a jury of indecent exposure and attempted felonious restraint. In accordance with the jury's verdict and sentencing recommendations, the trial court imposed concurrent sentences of one year imprisonment and a $100.00 fine and five years imprisonment and a $150.00 fine, respectively. On appeal, Defendant claims the State failed to make a submissible case on the attempted felonious restraint count. Defendant also asserts plain error in the submission of the verdict directing instruction on attempted felonious restraint on the grounds that the instruction 1) misdefined felonious restraint, 2) failed to define "serious physical injury" and 3) varied from the indictment. Finally, Defendant asserts plain error in the trial court's failure to intervene and grant a mistrial *sua sponte* because of allegedly improper statements in the prosecutor's closing argument. We affirm Defendant's conviction for indecent exposure and reverse the conviction for attempted felonious restraint, which we remand for a new trial.

The facts most favorable to the verdict are as follows. On February 2, 1990, at approximately 7:30 a.m., Victim was walking to school when Defendant drove up alongside her. Victim was walking in the street because there was no sidewalk and the grass was wet and muddy due to a recent rain. Victim recognized the car because an occupant of the same car, who she could not see at that time, had offered her a ride home from school the evening before. On the morning in question, the passenger side window was open and Defendant asked Victim if she wanted a ride. When Victim said "no," Defendant ordered her to "get in the car." Victim declined a second time and Defendant said "get in the car you f——— bitch." Victim could see through the car window that Defendant's penis was exposed and he was masturbating.

Defendant pulled slowly ahead of Victim and stopped at a stop sign at the next corner. Victim attempted to walk as fast as she could past his car. Defendant reached through the passenger side window, grabbed Victim's arm and attempted to pull her into the vehicle. Victim was able to break free and ran to school. As Victim was running, Defendant sped away.

Defendant contends that the State failed to make a submissible case on the attempted felonious restraint count. More specifically, Defendant argues that no rational trier of fact could find that any of his actions constituted a substantial step toward the commission of felonious restraint because the evidence was insufficient to support a finding that Victim was "exposed to a substantial risk of serious physical injury."

■■■ Where the record contains sufficient evidence to permit a rational trier of fact to find the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed on appeal. *State v. Dudley*, 809

S.W.2d 40, 44 (Mo.App.1991). The court must accept as true all evidence and inferences favorable to the verdict and disregard contrary evidence and inferences. *State v. Evans,* 802 S.W.2d 507, 514 (Mo. banc 1991).

■ "A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury." Section 565.120 RSMo.1986. Attempt requires any act, with the purpose of committing the offense, which is a substantial step toward the commission of the offense. Section 564.011 RSMo.1986. "A substantial step is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

"Serious physical injury" is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 565.002(6) RSMo.1986. "Protracted" loss or impairment of a part of the body means something short of permanent but more than a short duration. *State v. Stewart,* 811 S.W.2d 805, 808 (Mo.App.1991). "Impairment" means damage, injury or deterioration and is properly distinguishable from "loss" of function. *State v. Baker,* 859 S.W.2d 805, 813 (Mo.App.E.D.1993).

■ Because this is an attempt crime, it is irrelevant whether actual physical harm occurred. The record supports a determination that Defendant grabbed Victim's arm through the open passenger window of his car and attempted to pull Victim forcibly into the car through the window against her will. It is certainly within the common experience of jurors to know that car windows are not designed for entering or leaving a vehicle and to infer that protracted impairment of one's limbs can result from being forcibly dragged through a car window. Based on the evidence presented, we hold that a rational trier of fact could find that, had Defendant succeeded

in pulling Victim through the car window, she would have been exposed to a substantial risk of protracted impairment of the function of her arm, leg, neck, or some other part of her body. Therefore, we find the evidence is sufficient to support a jury finding that Defendant's actions constituted a substantial step toward the commission of felonious restraint and that the State therefore made a submissible case.

■ Defendant next raises several issues pertaining to Instruction No. 6, the verdict directing instruction on attempted felonious restraint. This instruction was not objected to at trial nor were the issues raised on appeal included in the motion for new trial. Therefore, we review under plain error. To succeed, Defendant must show error and that he suffered prejudice from that error which resulted in manifest injustice or a miscarriage of justice. Rule 29.12(b). Instruction No. 6 provided, in relevant part:

### INSTRUCTION NO. 6

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 2, 1990, in the County of St. Louis, State of Missouri, the defendant pulled [Victim] through his car window while exposing his penis and ordering her to get into the car, and

Second, that such conduct was a substantial step toward the commission of the offense of felonious restraint upon [Victim], and

Third, that defendant engaged in such conduct for the purpose of committing such felonious restraint, then you will find the defendant guilty under Count I of an attempt to commit felonious restraint.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of felonious restraint when he knowingly re-

strains a victim without consent so as to interfere substantially with his or her liberty and exposes the victim to a serious risk of physical injury.

As used in this instruction, the term "substantial step" means conduct which is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of felonious restraint. It is no defense that it was factually or legally impossible to commit felonious restraint if such offense could have been committed had the circumstances been as the defendant believed them to be.

If you do find the defendant guilty under Count I of attempted felonious restraint, you will assess and declare one of the following punishments:

. . . .

■ Defendant first claims that the evidence does not support a finding that "Defendant pulled [Victim] through his car window" as required by Instruction No. 6. Based on this same allegation of error, Defendant also claims Instruction No. 6 was not supported by substantial evidence and that it constituted a fatal variance from the indictment. The indictment stated Defendant attempted to commit the crime of felonious restraint, "in that he reached through an open automobile window. . . ."

This issue is merely one of semantics. The record demonstrates that Defendant reached through the window and grabbed Victim's arm and attempted to pull Victim forcibly into the car. Victim was able to break free before any part of her body entered the window. Although inartfully written, in the context of the evidence and arguments of counsel, the prepositional phrase "through his car window" was plainly intended and understood to modify the action of pulling rather than the word [Victim]. The phrase explains that Defendant's act of pulling occurred through the window in contrast to the door or any other manner.

Victim's uncontradicted testimony was that no part of her person ever entered the car. The State never alleged that any part of Victim entered the car and did not argue this fact to the jury. Because the facts and circumstances indicate the language was understood by all to mean the Defendant reached through the window, we find that the instruction did not vary from the indictment and was supported by substantial evidence. Points denied.

■ Next, Defendant claims the trial court committed plain error in submitting Instruction No. 6 to the jury because it misdefined the crime of felonious restraint and failed to define "serious physical injury." Failure to comply with the Missouri Approved Instructions and the applicable Notes on Use is presumed to be prejudicial unless the contrary is clearly shown. *State v. White*, 622 S.W.2d 939, 943 (Mo. banc 1981). However, instructional error is rarely plain error. Defendant must show more than mere prejudice. Defendant must establish that the jury was misdirected in a way that caused manifest injustice or a miscarriage of justice. *State v. Root*, 820 S.W.2d 682, 688 (Mo.App.1991).

■ As stated earlier, the crime of felonious restraint requires the victim to be exposed to a *substantial* risk of *serious physical injury*. Section 565.120 RSMo. 1986. However, Instruction No. 6 merely required that the jury find that Defendant took a substantial step toward restraining Victim so as to interfere substantially with her liberty and expose her to a *serious* risk of *physical injury*. Thus, the definition of felonious restraint, the object crime as submitted in Instruction No. 6, differed from the correct definition in two respects. First, it substituted "serious risk" for "substantial risk." Second, it required a finding of only "physical injury" rather than "serious physical injury."

If the only discrepancy had been the substitution of "serious risk" for "substantial risk" it would not have warranted a reversal for plain error. However, the omission of the word "serious" before "physical injury" changes the magnitude of the threatened injury that must be proven, which is an element of the crime. The average lay person could easily be misled

as to the seriousness of the injury to which the victim must be exposed in order to reach a verdict.

▉▉▉▉ Further, the error in misdefining the object crime of felonious restraint was compounded by the failure to include in Instruction No. 6 the definition of "serious physical injury." When an attempt crime is submitted but the object crime is not, the optional paragraph defining the object crime must be given. MAI–CR3d 304.06, Note 4. Where the object crime is defined, mandatory definitions that appear in the verdict directing form or the Notes on Use for the object crime must also be inserted in the definition in subsequent paragraphs.[1]  *Id.*  The definition of serious physical injury is mandatory when submitting the crime of felonious restraint. MAI–CR3d 319.26. Therefore, it was error not to include the definition in Instruction No. 6.

▉▉▉▉ We express no opinion as to whether failure to include this definition would, by itself, rise to the level of plain error. We do find, however, that omission of the definition of "serious physical injury" coupled with the omission of the word "serious" before "physical injury" was manifestly prejudicial to Defendant. The difference between "serious physical injury" and "physical injury" is significant. "Physical injury" is defined as "physical pain, illness, or any impairment of physical condition." Section 556.061(20) RSMo.1986. "Serious physical injury" on the other hand, is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 565.002(6) RSMo.1986. Although we have previously determined that there was sufficient evidence to support a jury finding that Defendant attempted to restrain Victim in a manner that would expose her to "serious physical injury," we cannot say that the severity of the harm threatened was beyond serious dis-

pute. More importantly, we have no basis upon which we can find that the jury made any finding with respect to the type of injury to which Victim was exposed, which is an element of the crime charged. It is axiomatic that a verdict directing instruction must require the jury to find every fact necessary to constitute the essential elements of the offense charged.  *State v. Pickins*, 660 S.W.2d 705, 707 (Mo.App. 1983). Given these circumstances, we find the instruction was erroneous as submitted and that it was sufficiently prejudicial to Defendant to constitute plain error. As this error pertains only to the attempted felonious restraint count, we reverse and remand the attempted felonious restraint count only for a new trial.

▉▉▉▉ Lastly, Defendant alleges that the trial court committed plain error in failing to grant a mistrial *sua sponte* because of allegedly improper statements by the prosecutor in closing argument. Although this may not be an issue upon retrial of the felonious restraint count, this question must be addressed as it applies equally to the indecent exposure count. "Relief should rarely be granted on the assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication." *State v. Perry*, 820 S.W.2d 570, 575 (Mo.App.1991). This is true because the trial court's options are limited to uninvited interference with summation and a corresponding increase in the risk of error by such interference. *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982). Improper argument will constitute plain error only if it has a decisive effect on the jury. *State v. Murphy*, 592 S.W.2d 727, 732 (Mo. banc 1979).

We have reviewed those portions of the prosecutor's arguments cited in Defendant's brief and, without deciding whether the prosecutor's statements were improper, we find that the statements did not war-

---

**1.** This is a change from the previous MAI provision on this subject. Note 4 to MAI–CR3d 304.06 now expressly states that if the definition is mandatory according to the verdict directing

form *or* the Notes on Use it must be included. Therefore, the reasoning of *State v. Echols,* 742 S.W.2d 220, 221 (Mo.App.1987) is no longer controlling on this issue.

rant *sua sponte* interference by the trial court and could not have had a decisive effect on the jury. Point denied.

The conviction of indecent exposure in Count II is affirmed. The conviction of attempted felonious restraint is reversed and remanded for a new trial.

CARL R. GAERTNER, P.J., and CRANE, J., concur.