# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4078

_____

Richard Roe,                              *
                                          *
    Petitioner - Appellant,              *
                                          *   Appeal from the United States
v.                                        *   District Court for the
                                          *   Eastern District of Missouri.
Paul K. Delo; Jeremiah (Jay) W. Nixon,    *
                                          *
    Respondents - Appellees.             *

_____

Submitted: April 16, 1998
Filed: October 30, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge,[*] LOKEN, Circuit Judge, and PRATT,[**] District Judge.

_____

LOKEN, Circuit Judge.

Missouri inmate Richard Roe appeals the denial of his petition for a writ of habeas corpus. The issue is whether Roe was denied the effective assistance of counsel when his appellate attorney failed to request plain error review of an erroneous first

_____

[*]The Honorable Richard S. Arnold stepped down as Chief Judge at the close of business on April 17, 1998, succeeded by the Honorable Pasco M. Bowman, II.

[**]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

degree murder instruction. We conclude this claim satisfies the ineffective assistance standard of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Accordingly, Roe is entitled to a new direct appeal at which he may raise this instruction issue to the state court for plain error review.

In November 1990, Roe was convicted of first degree murder and armed criminal action. He received consecutive sentences of life and twenty-five years in prison. We quote from the Missouri Court of Appeals opinion for a brief summary of the background facts:

> [John Hamil and Roe believed that James] Donovan had put sugar in the gas tank of a car Hamil had sold to [Roe]. . . . [Hamil and Roe] left the bar to go to Imo's on Spring and Delor, where Donovan worked. They parked their car in front of Donovan's, near the building's rear door. Donovan emerged from the door with some pizzas to deliver. Hamil approached Donovan and asked if Donovan had "messed with" the car. Donovan told Hamil to get away from him and pushed Hamil to the ground. Hamil looked up when he heard a shot, and saw [Roe] shoving something back into his waistband. [Roe] and Hamil got back in the car and drove away. As they were leaving the scene, Hamil asked [Roe] what had happened and [Roe] responded he had shot Donovan.

> Later than night, [Roe] confessed to his girlfriend, Ms. Adams, that he killed Donovan. Some time later, [Roe] repeated his confession to the police. A videotape of [Roe's] confession was played for the jury at trial. [Roe's] defense was that John Hamil had shot the victim, and [Roe] had confessed to the murder to protect himself, Ms. Adams and his mother from Hamil's alleged threats of harm.

<u>State v. Roe</u>, 845 S.W.2d 601, 603-04 (Mo. App. 1992). That court affirmed Roe's conviction and the denial of post-conviction relief. Roe then filed a motion to recall the appellate court's mandate, alleging for the first time the claim of ineffective assistance of appellate counsel at issue on this appeal. The Missouri Court of Appeals summarily

denied that motion. This was a proper way to raise the ineffective assistance claim in state court, so federal habeas review is not procedurally barred. See Chambers v. Bowersox, No. 97-3067, 1998 WL 647289, at *5 (8th Cir. Sept. 23, 1998).

Roe included this ineffective assistance claim in his habeas petition to the district court. The court denied the claim, concluding Roe failed to establish the prejudice Strickland requires. On appeal, Roe argues he has met both prongs of a Strickland claim -- first, that counsel's performance was objectively unreasonable, and second, that counsel's ineffective assistance was prejudicial, that is, there was "a reasonable probability that the outcome of the appeal would have been different if counsel had raised the claim." Chambers at *6; see Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). We review these ineffective assistance issues de novo. See Houston v. Lockhart, 982 F.2d 1246, 1251 (8th Cir. 1993).[1]

The ineffective assistance claim concerns appellate counsel's failure to raise the following instruction error on direct appeal. The jury was instructed that Roe would be guilty of first degree murder if he caused the death of Donovan, acted with the requisite deliberation, and "knew or was aware that his conduct was practically certain to cause the death of James Donovan *or that it was the defendant's purpose to cause serious physical injury to James Donovan.*" The State concedes the italicized portion of this instruction was error. First degree murder in Missouri requires proof of intent to cause death. See Mo. Ann. Stat. § 565.020(1) (West Supp. 1998); MAI-Cr 3d 313.02. Intent to cause serious physical injury is the mental state required for second degree murder. See Mo. Ann. Stat. § 565.021 (West Supp. 1998); MAI-Cr 3d 313.04. Because the court also instructed on the lesser included offense of second degree

---

[1]Because Roe filed his habeas petition before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the substantive standards of that Act do not apply to this appeal. See Lindh v. Murphy, 117 S. Ct. 2059 (1997). Therefore, we need not consider whether new 28 U.S.C. § 2254(d)(1) affects our de novo review of Strickland issues.

-3-

murder, the error blurred one distinction between the two murder offenses. However, despite timely raising other instruction issues in a motion for new trial, Roe's trial attorney did not raise this issue. Therefore, the error was unpreserved and only subject to plain error review on appeal. See, e.g., State v. Root, 820 S.W.2d 682 (Mo. App. 1991). Roe's appellate attorney also did not raise the issue. The question is whether this appellate failure was constitutionally ineffective assistance of counsel.

Under Strickland, in evaluating whether an attorney provided objectively unreasonable assistance, a reviewing court should minimize the effects of hindsight and recognize a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Because of this presumption and the reality that effective appellate advocacy often entails screening out weaker issues, the Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "Absent contrary evidence," we assume that appellate counsel's failure to raise a claim was an exercise of "sound appellate strategy." Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995). The decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims. Therefore, we rarely conclude that an appellate attorney's performance was constitutionally deficient for not raising such a claim. See Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996), cert. denied, 117 S. Ct. 2421 (1997); Kitt v. Clarke, 931 F.2d 1246, 1250 (8th Cir. 1991); Blackmon, 825 F.2d at 1269-70.

In this case, however, there is "contrary evidence." The instruction error was significant and would have been apparent to a reasonably competent appellate attorney who took the time to compare the first degree murder instruction given with the governing statute and Missouri Approved Criminal Instruction. Other, less meritorious instruction issues were raised on direct appeal, suggesting that the failure to raise this issue was oversight, not deliberate strategy. Indeed, in an affidavit submitted in support of Roe's motion to recall the mandate, appellate counsel averred that he could not

recall why the claim was omitted, but it was not because of a "strategic decision." In these circumstances, we conclude the ineffectiveness prong of <u>Strickland</u> turns on whether an objectively reasonable attorney would have presented the issue for plain error review because it had a reasonable likelihood of success. In other words, this is the rare case where both <u>Strickland</u> prongs turn on the same question, whether there is a reasonable probability that the outcome of Roe's appeal would have been different had this issue been raised. The answer to that question requires us to analyze and apply the Missouri standard for plain error review.

At the outset of this inquiry, we face an issue as to the correct plain error standard under Missouri law. Roe argues the Missouri courts apply the harmless error standard for unpreserved errors of federal constitutional dimension, citing <u>State v. Erwin</u>, 848 S.W.2d 476 (Mo. banc), <u>cert. denied</u>, 510 U.S. 826 (1993). But <u>Erwin</u> involved an instruction error properly preserved at trial. Missouri courts have consistently held that an unpreserved instruction error is not plain error unless it so misdirected the jury as to "cause manifest injustice or a miscarriage of justice." Mo. Rule 29.12(b); <u>see State v. Doolittle</u>, 896 S.W.2d 27, 29 (Mo. banc 1995); <u>State v. Root</u>, 820 S.W.2d at 688 (no plain error when an undisputed element of the crime omitted); <u>State v. Walton</u>, 703 S.W.2d 540, 542 (Mo. App. 1985) (same). Manifest injustice is the plain error standard under federal law, and federal courts recognize that this more rigorous standard of review is appropriate when an error, even a federal constitutional error, has not been properly preserved. <u>See</u> <u>United States v. Thame</u>, 846 F.2d 200, 207 (3d Cir.), <u>cert. denied</u>, 488 U.S. 928 (1988). We conclude the Missouri Court of Appeals would have reviewed the instruction error in question under the manifest injustice standard.

Although manifest injustice is a rigorous standard, the Missouri courts have found significant and prejudicial instruction errors to be plain error. In <u>State v. Carter</u>, 585 S.W.2d 215, 218-19 (Mo. App. 1979), the court held that a second degree murder instruction was plain error because it "destroyed the legal distinction" between second

-5-

degree murder and manslaughter. Similarly, in State v. Guyton, 635 S.W.2d 353 (Mo. App. 1982), the court found plain error in a felony murder case because one instruction misstated an element of the lesser included offense of manslaughter. And in State v. Brokus, 858 S.W.2d 298, 302-03 (Mo. App. 1993), the instruction misstated an element of attempted felonious restraint by requiring the jury to find that the defendant exposed the victim to a "serious risk of physical injury," rather than a "substantial risk of serious physical injury." The court found plain error explaining, "we cannot say that the severity of the harm threatened was beyond serious dispute."

Comparing these decisions with cases such as Root and Walton, where the courts found no plain error, the critical factors appear to be first, the significance of the error to a proper definition of the crime at issue, and second, whether the error affected an element of the crime that was disputed at trial. Viewed from this perspective, this is indeed a close case. Addressing the first factor, while the instruction given at Roe's trial significantly misstated the intent necessary for first degree murder, it did not destroy the legal distinction between first and second degree murder because "the [principal] difference between first and second degree murder is the element of deliberation," and the deliberation element was properly charged. State v. Santillan, 948 S.W.2d 574, 576 (Mo. banc 1997); see State v. Mease, 842 S.W.2d 98, 112 (Mo. banc 1992), cert. denied, 508 U.S. 918 (1993). The instruction did not entirely omit the intent element of the crime, which was important to the finding of plain error in cases such as State v. Harnar, 833 S.W.2d 25 (Mo. App. 1992), but it blurred the legal distinction between first and second degree murder in a manner that improperly lightened the prosecution's burden of proof on the more serious crime.

Turning to the second factor, because Roe's defense was that he did not shoot Donovan, his intent if he did pull the trigger was not actively contested at trial. Moreover, the State introduced substantial evidence Roe intended to kill Donovan. Hamil testified that after the shooting Roe said he shot Donovan because "he [Roe] played for real." Roe's girlfriend told police Roe said he shot Donovan in the left side

of his back, "where his heart would be." On the other hand, the trial evidence did not put the intent element beyond dispute -- the facts arguably supported a finding that Roe deliberately shot Donovan with the intent of seriously injuring but not killing him. Similarly, Carter was a homicide case in which the court found plain error even though the omitted element was not seriously disputed at trial. 585 S.W.2d at 216-17.

Our review of these cases leaves us uncertain whether the Missouri Court of Appeals would have found plain error had this issue been raised in Roe's direct appeal. But the question before us is limited to whether there is a reasonable probability that the outcome would have been different, the test for determining whether Roe received constitutionally ineffective assistance of counsel. In answering this more limited question, we take into account a recent decision of the Missouri Supreme Court in which the instruction permitted a first degree robbery conviction if the defendant was armed with a dangerous instrument, without properly defining dangerous instrument or requiring the jury to find that the defendant used or threatened to use the instrument in committing the robbery offense. The court found plain error, even though defendant's primary defense was misidentification, because the error reduced the State's burden of proof on this element of the crime, and because conflicting inferences could be drawn from the evidence relevant to this element. State v. Doolittle, 896 S.W.2d at 29-30.

Doolittle is the latest word from the highest court in the State. It seems to move the plain error analysis at least slightly in favor of finding plain error in this case, where the error reduced but did not eliminate the State's burden of proof on an element of the crime, and the trial evidence was at least somewhat in doubt on this secondary issue. Doolittle therefore illustrates why an objectively reasonable appellate attorney would have raised this issue for plain error review, and why there is a reasonable probability the Missouri appellate courts would have found plain error had the issue been raised. That is sufficient to establish ineffective assistance of appellate counsel under Strickland. The appropriate relief is to afford Roe a belated appeal on the issue that

counsel ineffectively failed to raise.  See Mason v. Hanks, 97 F.3d 887, 902 (7th Cir. 1996); Bell v. Lockhart, 795 F.2d 655, 658 (8th Cir. 1986).

Accordingly, the judgment of the district court is reversed, and the case is remanded with directions to issue a writ of habeas corpus unless, within whatever reasonable period of time the district court deems appropriate, Roe is afforded a new appeal in which he may raise the first degree murder instruction issue omitted from his original direct appeal or, in the alternative, is granted a new trial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.