**STATE of Missouri, Respondent,**

v.

**Richard ROE, Appellant.**

**Nos. ED 59480, ED 61197.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 26, 1999.

LAWRENCE E. MOONEY, Judge.

Richard Roe ("Defendant") appeals the judgment and sentence entered upon his convictions for first-degree murder and armed criminal action. In his sole point on appeal, Defendant contends the trial court plainly erred in submitting a verdict-directing instruction that allowed the jury to convict him of first-degree murder without finding the requisite intent to kill. We reverse and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts, which we have largely borrowed from our opinion in State v. Roe, 845 S.W.2d 601 (Mo.App. E.D.1992), are as follows:

On September 10, 1989, Defendant and John Hamil discovered that they had been cheated in a drug deal. After surreptitiously obtaining a gun from Defendant's girlfriend, Kristahle Adams, Hamil and Defendant and several others returned to the scene of the drug deal to rough up the man who had swindled them.

Afterward, the group went to a local bar. While at the bar, one member of the group called Imo's and ordered a pizza, specifically requesting that it be delivered by a man named James Donovan. The group believed Donovan had put sugar in Defendant's gas tank. When another delivery man appeared, the group ducked out of the bar and went to another bar where they resumed drinking.

The group eventually left that bar to go to the Imo's where Donovan worked. They parked their car in front of Donovan's car, which was parked near the building's rear door. When Donovan emerged from the door to deliver some pizzas, Hamil approached him and asked if he had "messed with" the car. Donovan told Hamil to get away from him and pushed Hamil to the ground. Hamil

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

looked up when he heard a shot and saw Defendant shoving something into his waistband. Defendant and Hamil got in the car and drove away. As they were leaving the scene, Hamil asked Defendant what had happened, and Defendant stated that he had shot Donovan.

Later that night, Defendant also told Adams that he had shot Donovan. Some time later, Defendant repeated his confession to the police. The jury viewed a videotape of Defendant's confession at trial. Defendant's theory at trial was that Hamil had shot Donovan, and that Defendant had confessed to the murder to protect himself, Adams and his mother from Hamil's alleged threats of harm.

Based on this evidence, a jury convicted Defendant of first-degree murder and armed criminal action. The court sentenced Defendant to consecutive terms of life imprisonment without the possibility of parole and twenty-five years' imprisonment. Following a timely appeal, this court, in *Roe v. State, supra,* affirmed Defendant's convictions and the denial of post-conviction relief.

Several years after our affirmance in *Roe v. State,* Defendant filed a federal habeas corpus action in which he alleged that his appellate counsel was ineffective for failing to raise the claim that the trial court plainly erred by giving an improper first-degree murder instruction. In that action, the Eighth Circuit Court of Appeals ultimately held Defendant was entitled to belatedly raise this issue on direct appeal or, in the alternative, to a new trial. *Roe v. Delo,* 160 F.3d 416 (8ᵗʰ Cir.1998). We then recalled our original mandate in the case to allow Defendant to bring this appeal.

### DISCUSSION

■ Again, Defendant's sole claim of error on appeal is that the trial court plainly erred in giving a verdict director that allowed the jury to convict Defendant of first-degree murder without necessarily finding Defendant intended to kill Mr. Donovan. The instruction in question stated:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on September 10, 1989, in the City of St. Louis, State of Missouri, the defendant caused the death of James Donovan by shooting him, and
>
> Second, that defendant knew or was aware that his conduct was practically certain to cause the death of James Donovan or that it was the defendant's purpose to cause serious physical injury to James Donovan, and
>
> Third, that defendant did so after deliberation, which means cool reflection upon the matter for any length of time no matter how brief,
>
> then you will find the defendant guilty under Count I of murder in the first-degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the first-degree.
>
> If you find the defendant guilty under Count I of murder in the first-degree, you will return a verdict finding him guilty of murder in the first-degree.

(Emphasis added.)

■ This instruction is obviously defective and fails to comply with the Missouri Approved Instructions—Criminal. A verdict director must require the jury to find every fact necessary to constitute the essential elements of the offense charged. *State v. Ward,* 745 S.W.2d 666, 670 (Mo. banc 1988). To be convicted of first-degree murder, a defendant must (1) knowingly (2) cause the death of another person (3) after deliberation upon the matter. *State v. Ervin,* 835 S.W.2d 905, 923 (Mo. banc 1992). Thus, first-degree murder in Missouri requires proof of the essential element of intent to kill. *See* MAI–CR3d 313.02 and MAI–CR3d 313.04; *Roe v.*

*Delo,* 160 F.3d at 418. A defendant cannot be found guilty of first-degree murder for merely having the intent to cause serious physical injury. *Id.* As the State concedes, the instruction in this case allowed the jury to convict Defendant of first-degree murder if they found he had either the requisite intent for first-degree murder *or* the requisite intent for second-degree murder. The instruction therefore did not necessarily require a finding of intent to kill and as such, was tantamount to an instruction that omitted that necessary element of the offense.

■ However, Defendant admits that this claim of error, now raised some ten years after the murder, has not been properly preserved for our review as his trial counsel failed to either object to the instruction at trial or to raise the issue in a motion for new trial.[1] Thus, we review the claim for plain error only.

■ Failure to comply with the Missouri Approved Instructions – Criminal and the applicable Notes on Use is presumed prejudicial. *State v. Brokus,* 858 S.W.2d 298, 302 (Mo.App. E.D.1993). However, instructional error seldom constitutes plain error, which requires a defendant to show more than mere prejudice. *Id.* To prevail on a claim of plain error, a defendant must prove that the error resulted in manifest injustice or a miscarriage of justice. *Id.;* Rule 30.20. Although there is no precise formula for determining the existence of plain error, our Supreme Court has offered some guidance on the issue. "In the context of instructional error, plain error results when the trial court has so misdirected or

failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." *State v. Doolittle,* 896 S.W.2d 27, 29 (Mo. banc 1995), *citing State v. Nolan,* 872 S.W.2d 99, 103 (Mo. banc 1994). In determining whether the misdirection likely affected the jury's verdict, an appellate court will be more inclined to reverse in cases where the erroneous instruction "did not merely allow a wrong word or some other ambiguity to exist, [but] excused the State from its burden of proof on [a] contested element of the crime." *State v. Doolittle,* 896 S.W.2d at 30. Additionally, this court has previously held that where a verdict director effectively omits an essential element of the offense, such an instruction rises to the level of plain error if the evidence in the case fails to establish the existence of the omitted element "beyond serious dispute." *State v. Brokus,* 858 S.W.2d at 303.

■ First, the State argues that the error here does not rise to the level of plain error, because the defense's theory at trial was that Defendant was not involved in the murder, not that he lacked the intent to kill, and thus the intent element was essentially uncontested.

In support of this argument, the State cites several cases where the courts have found no plain error under similar circumstances and urges the same result here. *State v. Walton,* 703 S.W.2d 540 (Mo.App. E.D.1985); *State v. Root,* 820 S.W.2d 682 (Mo.App. S.D.1991); and *State v. Busch,* 920 S.W.2d 565 (Mo.App. E.D.1996). However, in each of these cases, the appellate court found that the evidence adduced at trial established the existence of the

---

1. Under the version of Rule 28.03 in effect at the time of the original trial in this case, defense counsel was not required to object to the instruction during trial. Rather, it was deemed sufficient to preserve an instructional error for review if counsel either objected at trial *or* raised the issue in a motion for new trial. *See State v. Ferguson,* 887 S.W.2d 585, 586–87 (Mo. banc 1994); *State v. Moriarty,* 914 S.W.2d 416, 421 and n. 3 (Mo.App. W.D. 1996); Rule 28.03 V.A.M.R., *Historical Note.*

Because defense counsel here did neither, the issue was not preserved. Rule 28.03 was amended effective July 1, 1995, to require a specific objection to an instruction *both* at trial and in the motion for new trial, in order to preserve a claim of error. In cases decided under the version of Rule 28.03 in effect as of July 1, 1995, a defendant who fails to specifically object to an instruction at trial waives the claim of error. *State v. Martindale,* 945 S.W.2d 669 (Mo.App. E.D.1997).

omitted element "beyond any serious dispute." The instant case is thus distinguishable from *Walton, Root* and *Busch* in that, as discussed below, here the evidence arguably supports a finding that Defendant shot Donovan with the intent of seriously injuring him, but not killing him.

Other Missouri courts have found plain error although the defendant's theory at trial did not directly dispute the element omitted from the verdict director. *See, e.g., State v. Carter,* 585 S.W.2d 215 (Mo. App. S.D.1979) (element of provocation omitted from second-degree murder instruction, and court found plain error even though there was no direct evidence of provocation elicited at trial); *Doolittle,* 896 S.W.2d at 30 (first-degree robbery instruction omitted definition of "dangerous instrument," and court found plain error even though defendant's principal defense at trial, misidentification, did not directly put that element in dispute).

We think these cases at least implicitly acknowledge that it would be ludicrous to require a defendant to adduce evidence to dispute each and every element of the crime of which he is charged, when he claims that he did not commit the crime. Accordingly, although Defendant may not have actively contested the intent element, as it would have been inconsistent with his theory at trial, we cannot say that the element of intent in this case was in no meaningful sense a contested element, because Defendant never conceded that whoever shot Donovan had the intent to kill him. Thus, as in *Doolittle,* the erroneous instruction here "excused the State from its burden of proof as to a contested element of the crime."

■ Next, the State argues that even if the element of intent was contested, the error did not result in manifest injustice because there was "overwhelming evidence" of Defendant's intent to kill Donovan. We disagree and find the State's

evidence could arguably support an inference that Defendant shot Donovan with the intent to cause serious bodily injury.

■ Defendant shot Donovan a single time during a heated confrontation. Defendant later told Adams the whole encounter had "happened very fast," and that he shot Donovan after Donovan had knocked Hamil down and then began reaching into his car as if trying to get something. Although Defendant told Adams at one point that he shot Donovan in the back around where his heart would be, he also indicated to her that he did not know where he actually hit Donovan. Further, Defendant was not aware that Donovan had been fatally wounded until he saw a story on the news. He later told the police that he aimed for the "shoulder blade area." An inference could be drawn from this evidence that Defendant shot Donovan, not with the intent to kill him, but rather to seriously injure him and thereby prevent him from continuing to fight. Thus, we find no merit in the State's contention that it established Defendant's intent to kill Donovan "beyond any serious dispute." [2]

We conclude that the submission of this defective verdict director constituted plain error. Thus, Defendant's convictions of first-degree murder and armed criminal action must be reversed. The question thus becomes the proper remedy on remand.

Missouri courts have traditionally disposed of such cases by simply remanding for a new trial. *See, e.g., State v. Carson,* 941 S.W.2d 518 (Mo. banc 1997); *State v. Whardo,* 859 S.W.2d 138 (Mo. banc 1993); *State v. Carter, supra.* However, other jurisdictions have employed a novel procedure under which the State is allowed to elect on remand whether to retry the defendant or accept conviction on the lesser offense. *C.f., LaPierre v. State,* 734 P.2d

---

2. We are not suggesting that the State failed to make a submissible case on the element of intent to kill; however, the fact that the State made a submissible case does not mean that the element was established "beyond serious dispute." *State v. Brokus,* 858 S.W.2d at 303.

997 (Alaska App.1987); *Farmer v. State*, 672 So.2d 639 (Fla.App. 5 Dist.1996); *Lipinski v. State*, 333 Md. 582, 636 A.2d 994 (1994); *People v. Coddington*, 188 Mich. App. 584, 470 N.W.2d 478 (1991); *State v. Boots*, 308 Or. 371, 780 P.2d 725 (1989); *on remand* 112 Or.App. 25, 826 P.2d 1049, *modified by* 315 Or. 572, 848 P.2d 76 (1993); *State v. Brown*, 310 Or. 347, 800 P.2d 259 (1990); *State v. Douglas*, 310 Or. 438, 800 P.2d 288 (1990); *Orndorff v. Lockhart*, 906 F.2d 1230 (8th Cir.1990). Although no example of this latter procedure can be found among Missouri cases, this should not foreclose our consideration of such remedy when justified by appropriate policy considerations. *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993).[3] We believe policy considerations warrant the adoption of such a procedure in this case.

 It is fundamental that the appellate remedy should extend no further than the scope of the wrong. The wrong here is that the trial court misdirected the jury as to the proper essential elements of first-degree murder and armed criminal action. However, the erroneous instruction clearly contained all the requisite elements of second-degree murder and armed criminal action, albeit with some language from the first-degree murder instruction that could be deemed surplusage. Further, both second-degree murder and armed criminal action were, in fact, submitted as lesser-included offenses.[4] Thus, Defendant had full notice and a complete opportunity to defend against the charges of second-degree murder and armed criminal action. Despite a vigorous defense, the jury still found, unanimously and beyond a reasonable doubt, that Defendant committed all the constituent elements of second-degree murder and armed criminal action. Finally, the court found Defendant to be a prior offender, a classification that makes the assessment of punishment a question for the judge rather than the jury, thus foreclosing any expectation of Defendant that the jury would assess his sentence.[5] Given these circumstances, remand for a new trial is an appellate remedy that exceeds the scope of the wrong, representing a windfall to Defendant who failed to timely raise his claim of error. Under the circumstances, the appropriate disposition of this case is that employed in the cases cited above in which the State is allowed on remand to choose whether to retry the defendant or accept the lesser convictions.[6]

The dissent protests that a remand for new trial is the only conceivable remedy because Defendant was denied a fair trial by virtue of the erroneous instruction. The argument misses the mark. It is true that Defendant did not receive a fair trial as to first-degree murder and armed criminal action; however, as discussed above,

---

**3.** Our citation to *O'Brien* is for the stated proposition and not, as the dissent appears to believe, as controlling precedent.

**4.** Obviously, the jury did not reach consideration of these instructions because they entered guilty verdicts as to first-degree murder and armed criminal action.

**5.** We leave to another day the question of whether this election of remedies would be appropriate where Defendant had not been found a prior offender. If not a prior offender, the Defendant is entitled to a jury's assessment of sentence. Section 557.036.2(2) RSMo. (1994). Thus, if the Defendant was not a prior offender, the remand would hypothetically be for an election of 1) a trial on all issues of the erroneously submitted greater offense or, if permissible, 2) a trial on the question of punishment alone as to the prop-

erly submitted lesser offense. Because either of these options requires some form of retrial, principles of judicial economy make a somewhat less compelling case for such a remand when Defendant is not a prior offender.

**6.** We are not proposing that the case simply be remanded for the entry of convictions of second-degree murder and armed criminal action. Such a disposition was urged by Judge Morgan in dissent in the case of *State v. Lindsey*, 507 S.W.2d 1 (Mo. banc 1974), but was apparently rejected by the majority without discussion. As the concurring opinion of Judge Finch notes, "there is no valid reason for not affording the state an opportunity to convict the defendant on the offense on which he was previously tried."

Defendant received a perfectly fair trial as to second-degree murder and armed criminal action. Hence, a remand for an election of remedies is entirely appropriate and does not violate Defendant's constitutional right to a fair trial.

Thus, the judgment of conviction is reversed and, in accordance with the dictates of Rule 30.22, the case is remanded with directions that trial court allow the State to elect, within sixty days from the issuance of our mandate, whether to retry Defendant on all issues embraced by the charges of first-degree murder and armed criminal action or accept lesser convictions for second-degree murder and armed criminal action. If the State elects to accept the lesser convictions, the trial court may sentence Defendant as a prior offender on those charges.

RICHARD B. TEITELMAN, P.J., concurs in part and dissents in part.

CLIFFORD H. AHRENS, J., concurs in the opinion of Judge MOONEY.

RICHARD B. TEITELMAN, Judge, concurring in part and dissenting in part.

I fully concur with the principal opinion's finding of plain error which requires reversal, but I respectfully dissent from its conclusion concerning the proper remedy on remand. We should remand for a new trial.

The principal opinion asserts that the highly unusual remedy it declares to be appropriate in this case is justified by "policy considerations." Remand for a new trial is the remedy when a defendant on

appeal is found to have been denied a fair trial. "Policy considerations" do not justify creating a new remedy and deviating from that conventional remedy in this case. The State proffered an egregiously flawed instruction. To then say that the remedy on appeal, once the State's own error has required such a reversal, is the remedy adopted by the principal opinion, effectively allows the State to deny the defendant an opportunity for a fair, properly instructed jury trial.

As the principal opinion itself acknowledges, its remedy is indeed a "novel procedure," one that has no precedential support under Missouri case law, and only scant support in a handful of reported cases from other jurisdictions. Among those cases, several are significantly distinguishable in that they involve only the penalty phase of a trial and not the jury verdict of guilt or acquittal.[1] A few others appear to be essentially on point; however, I do not find those cases to be at all persuasive.[2]

No Missouri precedent supports the remedy adopted by the majority opinion. It relies on dictum from State v. O'Brien, 857 S.W.2d 212 (Mo. banc 1993), which suggested that when a conviction on a greater offense has been reversed for *insufficiency of evidence*, there may be instances where the remedy could be to "enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater of-

---

**1.** This is true of *State v. Douglas*, 310 Or. 438, 800 P.2d 288, 294 (1990); *Orndorff v. Lockhart*, 906 F.2d 1230, 1233 (8 th Cir.1990); and *Farmer v. State*, 672 So.2d 639, 640 (Fla.App. 5 Dist.1996).

**2.** In Oregon, for example, when the *Boots* case came back to that state's Supreme Court for the second time, after having earlier been remanded on the basis of the same remedy adopted by the principal opinion herein, it provoked a passionate dissent by three of that Court's judges. See *State v. Boots,* 315 Or.

572, 848 P.2d 76, 81–96 (1993) (dissent by Justices Peterson, Fadeley, and Chief Justice Carson). See also *Lipinski v. State*, 333 Md. 582, 636 A.2d 994, 998–99 (1994), where the court adopted this remedy only after an extended discussion of whether it was authorized under Maryland's rules of criminal procedure, and even then only after conceding that there was "no appellate case in Maryland which followed the procedure ... nor is such procedure in widespread use in other jurisdictions."

fense." *Id.* at 220.[3] The cited dictum in *O'Brien*, however, is distinguishable from the instant case. We do not have a sufficiency-of-evidence problem here, since there is no dispute that the State did at least make a submissible case on the element of intent to kill. Rather, this case involves serious instructional error that fundamentally denied Mr. Roe a fair trial. Further distinguishing this case from the decision in *O'Brien*, an insufficiency-of-evidence case would normally require, because of double jeopardy, a discharge (see *State v. Montgomery*, 591 S.W.2d 412, 415 (Mo.App. S.D.1979), whereas in the case at bar retrial is the remedy dictated by precedent.

The remedy that the majority adopts is not authorized by the Supreme Court Rules of Missouri. Rule 30.22 provides that when a judgment is reversed, we "shall direct a new trial or direct that the defendant be absolutely discharged or direct the trial court concerning further proceedings to be taken." The rule plainly states that it is to be this Court, not the State, that chooses the remedy. The majority opinion delegates the decision to the State as to further proceedings.

I respectfully dissent from the principal opinion's decision concerning the remedy upon remand. That remedy is unwise as a matter of law, unsupported by Missouri precedent, and unauthorized under Rule 30.22.

---

**3.** The Court in *O'Brien* immediately followed this dictum by noting that no examples of this remedy could be found among Missouri cases; and there still are none.