NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4238
_____

UNITED STATES OF AMERICA

v.

JOHN HAMMES FRITZ,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00629-001)
District Judge:  The Honorable Mary A. McLaughlin
Submitted Under Third Circuit L.A.R. 34.1(a)
November 18, 2011

BEFORE:  RENDELL, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: November 30, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

While on probation from a 2006 conviction for possession of child pornography, a

consensual search of Appellant John Fritz's home computer revealed illicit images and

movies containing child pornography. Subsequent forensic examination of the computer revealed over seven hundred images and over eighty movies.

Fritz was convicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1). On appeal, Fritz challenges the sufficiency of the evidence used to convict him. We will affirm.

## I.

Pursuant to the parole conditions of a 2006 possession of child pornography conviction, probation officer Mark Giordano searched Fritz's home computer. Giordano's initial search revealed both adult and child pornography. Fritz's computer was confiscated along with two external hard drives.

Upon returning to his office, Giordano conducted a more in-depth examination of the computer, uncovering additional images of child pornography. A subsequent forensic examination by the United States Secret Service revealed over seven hundred images and more than eighty movies of child pornography. These files could only be accessed with a password. Fritz also sent more than 40 images of child pornography to another person over the internet. Evidence from the electronic monitoring device Fritz wore as a condition of his parole established when he came and went from his residence, supporting the conclusion that all of the pornography found on Fritz's computer was downloaded while Fritz was at home.

## II.

On appeal, Fritz does not argue that the images of child pornography were not on his home computer; he maintains that he did not place them there. He submits that, in light of the testimony of witnesses who related that Fritz's computer was in a location accessible by many, the Government's evidence was insufficient to convict him. We disagree.

Fritz's challenge to the sufficiency of the evidence is "subject to a deferential standard . . . under which we construe all evidence in favor of the Government and will only reverse if '[no] reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Al-Ame*, 434 F.3d 614, 616 (3d Cir. 2006) (alterations in the original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Pursuant to 18 U.S.C. § 2252(a)(5)(B), it is unlawful to knowingly possess any material that contains an image of child pornography that has been mailed, shipped, or transported in interstate commerce. Hence, the only issue with respect to the sufficiency of the evidence is whether Fritz knowingly possessed the images of child pornography. The evidence, viewed in the light most favorable to the Government, established that: (1) Fritz's computer was located in his bedroom, which he occupied alone; (2) the computer in Fritz's bedroom contained the files of child pornography which had been transferred from file-sharing sites to the computer on numerous occasions; (3) on the occasions that files containing child pornography were transferred from the file-sharing website to Fritz's computer, electronic monitoring revealed that Fritz was in his residence; (4) the files were located on password-protected accounts on Fritz's computer; and (5) a

3

photograph of Fritz himself was found in one computer folder containing child pornography.

At trial, Fritz maintained that his bedroom was "party central" and that he permitted others to use his computer and download material. To support his theory, Fritz presented the testimony of two witnesses. William Ashton testified that, while many people had access to Fritz's computer, he never witnessed anyone viewing child pornography on it. Ashton further testified that he witnessed an unidentified person connecting a device to the USB port of Fritz's computer. Christina Anderson also testified that she saw an individual named "Sean" download pornography while using Fritz's computer. Anderson later modified her testimony, adding that the images she saw were of teen-aged females in various poses.

The Government countered this testimony by establishing, first, that the pornography on Fritz's computer was not downloaded from a device attached to the USB port, but rather from the internet, and second, that the images Anderson viewed were not representative of those found on Fritz's computer.

The jury is responsible for weighing the evidence and making credibility determinations. *See United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010). Here, the jury determined that the evidence established that Fritz possessed child pornography on his computer. When the evidence in this case is viewed "in the light most favorable to the Government with all reasonable inferences and credibility choices made in support of a conviction," a rational trier of fact could have found Fritz guilty beyond a reasonable doubt. *Id*.

4

III.

For the foregoing reasons, the District Court's judgment of conviction and sentence will be affirmed in all respects.