NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1974
_____

UNITED STATES OF AMERICA

v.

JOHN HAMMES FRITZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00629)
District Judge: Hon. Mary A. McLaughlin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 3, 2016

Before: JORDAN, GREENBERG, and SCIRICA, *Circuit Judges*.

(Filed: March 8, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

John Fritz appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion under 28 U.S.C. § 2255 to vacate his conviction. We will affirm.

## I.    BACKGROUND

In 2009, Fritz represented himself during a jury trial and was convicted of two counts of possession and transportation of child pornography. He was sentenced to the mandatory minimum term of fifteen years' imprisonment. On direct appeal – by which time Fritz had legal counsel – his attorney raised only a challenge to the sufficiency of the evidence used to convict him. That evidence consisted of hundreds of images and movies containing child pornography taken from Fritz's home computer, which could only be accessed with a password. Also, because Fritz wore an electronic monitoring device as a condition of his parole for a prior offense, a government expert was able to testify that the illicit pictures and videos on his computer were downloaded at times when Fritz was at home. Given the strength of the evidence, we affirmed his conviction. *United States v. Fritz*, 453 F. App'x 204 (3d Cir. 2011).

The following year, we decided *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012). In that decision, we clarified that, in child pornography cases when an objection is made under Federal Rule of Evidence 403, the district courts of this Circuit have an obligation to examine the images to which the objection pertains and which the prosecution intends to show to the jury. *Id*. at 386. We reasoned that the court must do so to ensure that the use of those images does not run afoul of the requirement in Rule

2

403 that the danger of unfair prejudice be weighed against the probative value of the evidence. *Id*. Especially in child pornography cases, that obligation cannot be ignored because the images are inherently vile, obscene, and repulsive, and "the aggregate risk of unfair prejudice [is] tremendous." *Id*. at 390. Of course, the court may still permit the government to show such images to the jury, even when the defendant offers to stipulate that they contain child pornography. *Id*. at 391. But the government may not pile on to such a degree that the probative value of the images is substantially outweighed by the danger of unfair prejudice that they can create. District courts are best equipped to strike the appropriate balance by reviewing the images that the government intends to show the jury, rather than merely relying on the government's description of the images.

Two months after we released our decision in *Cunningham*, Fritz filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. He argued that his appellate counsel was constitutionally ineffective for failing to raise a challenge to the use of the images of child pornography at his trial. Overall, Fritz's computer contained 749 photographs and 107 videos of child pornography, some of it violent. During the trial, the government showed a slideshow of seventeen photographs, in which each was displayed for about two seconds, and played clips from five videos, each about fifteen seconds in length, without audio. Fritz did not object to the admission of the photographs and videos, and it appears that, as in *Cunningham*, the district court did not personally review them before showing them to the jury. Nonetheless, the District Court denied Fritz's § 2255 motion. We granted a certificate of appealability to address whether his appellate counsel "was

3

ineffective for failing to challenge the trial court's admission of images depicting child rape, bondage and actual violence … ."

## II. DISCUSSION[1]

To establish a constitutional violation for ineffective assistance of counsel, a defendant has the burden to show that his counsel's representation both "fell below an objective standard of reasonableness" and "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* also provides a practical suggestion that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*. at 697. We have followed that advice when appropriate, *see, e.g.*, *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008), and do so again here.

To prove prejudice in the context of a claim of appellate counsel's ineffectiveness, the defendant has the burden to "show a reasonable probability that, but for his counsel's unreasonable failure" to raise the disputed issue on appeal, "he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Here, Fritz must show that he would have had a reasonable probability of success on appeal if his appellate counsel had challenged the admission of the various images and videos of child pornography used at his trial. But Fritz would have lost that hypothetical appeal.

At the outset, his appellate claim would have been significantly weakened by the fact that, during the trial, Fritz never objected to the admission of the images.[2] The

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255. We exercise jurisdiction pursuant to 28 U.S.C. § 2253.

4

District Court gave Fritz every opportunity to object, as it explained the process of making an objection to him prior to trial and asked him before the playing of each video whether he had any objection. Representing himself, Fritz demurred each time.[3] Given the lack of objection, if his appellate counsel had raised the issue on appeal, it would have been subject to the stringent plain error standard of review under Rule 52(b) of the Federal Rules of Criminal Procedure. *United States v. Olano*, 507 U.S. 725, 732 (1993). "For reversible plain error to exist, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Paladino*, 769 F.3d 197, 201 (3d Cir. 2014) (internal quotation marks omitted). "The Rule's requirement that an error be 'plain' means that lower court decisions that are questionable but not *plainly* wrong (at

---

[2] Because Fritz represented himself during the trial, he cannot claim that he acted ineffectively on his own behalf by failing to object. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

[3] In his briefing to this Court, Fritz argues that he in fact did object, and thus preserved the issue for appellate review, but he cites primarily a pretrial colloquy in which his standby counsel discussed the admissibility of his prior criminal conviction. That discussion, connected to an entirely different piece of evidence, has no bearing here.
He also cites his objection to the audio portion of the videos, which the district court accepted by not allowing the government to play any of the audio. In making that objection, however, Fritz specifically noted that he was not challenging the admissibility of the images on the videos, because they "are what the charge is surrounded by" (Supp. App. at 80) and the use of anything beyond the images "would be establishing facts which aren't necessary for the charge" (Supp. App. at 91). Given that Fritz's objection was specific to the audio and explicitly disclaimed any challenge to the images, it cannot be treated as having preserved a challenge to the images for appellate review. *See United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998) ("[A]n objection must be specific enough not only to put the judge on notice that there is in fact an objection, but to serve notice as to the underlying basis for the objection.").

time of trial or at time of appeal) fall outside the Rule's scope." *Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013) (emphasis in original). Given that heightened standard of review, "[t]he decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims," and a court will "rarely conclude that an appellate attorney's performance was constitutionally deficient for not raising such a claim." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998).

Even assuming that the admission of the images of child pornography at his trial constituted error – which is, we note, a very large assumption – that error was not "plain." For the purposes of plain error review, the term "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" *Olano*, 507 U.S. at 734. The error must be so obvious that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163 (1982). For example, an error is "plain" where the decisional law on which it is based was on the books well before the error occurred "and its applicability to the case at hand [was] obvious." *United States v. Dobson*, 419 F.3d 231, 239 (3d Cir. 2005). Moreover, a decision not to include a claim on direct appeal must be "viewed as of the time of counsel's conduct," *Strickland*, 466 U.S. at 690, endeavoring not to apply the distorting perspective of hindsight, *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). *See also Smith v. Murray*, 477 U.S. 527, 536 (1986) (considering a claim of an appellate attorney's ineffectiveness by reference to the "law at the time [the attorney] submitted his opening brief"). In light of those controlling standards, Fritz cannot establish plain error by reference to the general need for a balancing of prejudice and probative value under

6

Rule 403, because, "when a trial court is not given the opportunity to exercise its discretion in striking the balance, we will seldom find plain error … ." *United States v. Gatto*, 995 F.2d 449, 457 (3d Cir. 1993). Instead, to have prevailed on appeal, Fritz would have had to show that the District Court violated an established decisional rule by admitting the pornographic images, and then, on top of that, he would have had to show that, at the time his appellate counsel chose not to make that claim of error, the error should have been obvious to him.

But our opinion in *Cunningham* – which is the beginning and end of Fritz's claim of error – did not arrive until many months *after* resolution of Fritz's direct appeal. And in *Cunningham* itself we took pains to emphasize the relative novelty of the question presented by that case, noting that it had "seldom been addressed." 694 F.3d at 383. Our existing precedent did not dictate the outcome. We looked primarily to two decisions from our sister circuits for guidance. *Id.* In other words, the outcome of *Cunningham* was not so "obvious" that a failure to foresee it amounted to ineffective assistance of counsel. That case represented a development in our law concerning the admissibility of pornographic images, and Fritz's appellate counsel did not have a duty to anticipate that doctrinal step. *See Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) ("[I]n making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law" (internal quotation marks omitted).).

Fritz's hypothetical appeal would have been particularly weak because his case is, in important ways, different from *Cunningham*. The procedural error Fritz complains of (the failure to view the videos) could have been cured by an objection, but a district court,

7

even after *Cunningham*, is not obligated to preview pornographic images if their admission into evidence is not in dispute. In other words, the lack of any objection begets the procedural error alleged here. Although it did not view the videos, the District Court in this case did try to strike a balance between their probative value and prejudicial effect, admonishing the government to only show "something that you feel is necessary and important for your case" (Supp. App. at 7), and questioning the government at length about the need for all of the images used during the trial.[4] During jury selection, the District Court also warned potential jurors of the graphic nature of the case and asked whether any juror would be "unable to decide this case fairly and impartially on the evidence presented." (Supp. App. at 85-86.)

Further, in *Cunningham*, the defendant stipulated that the disputed images contained visual depictions of children engaged in sexually-explicit conduct. 694 F.3d at 388. That stipulation, of course, limited the probative value of the videos in question. *Id.* at 389. But Fritz only stipulated that the images here showed children, without conceding that those children were engaged in sexual acts. The fact that the images showed "minor[s] engaging in sexually explicit conduct" was an indispensable element of the charges against Fritz. 18 U.S.C. §§ 2252(a)(1), (a)(4)(B). Given the limitation of Fritz's stipulation, displaying the images to the jury had much more probative force in this case than it did in *Cunningham*.

---

[4] It bears mention that Fritz himself apparently did not review all of the videos when given the opportunity before their admission.

8

In short, Fritz may very well have lost his appeal even if it had come after *Cunningham*. He certainly has not shown that any failing of his appellate counsel prejudiced the outcome of the appeal.

**III.    CONCLUSION**

For the foregoing reasons, we will affirm the District Court's denial of Fritz's motion.